Argued on motion to dismiss appeal October 30, dismissed December 15, 1914.

Rehearing granted January 12, argued on rehearing January 27, former opinion sustained March 2, 1915.

## ORR *v.* ORR.

(144 Pac. 753; 146 Pac. 964.)

**Divorce—Decree—Vacation—Statutes.**

1. Where a motion to vacate a divorce decree for irregularities was not filed within a year after the decree was rendered and there was no showing but that all of the grounds alleged were known to the state's authorities at or before the time they occurred, the proceeding could not be sustained under Section 103, L. O. L., authorizing the court in its discretion to relieve a party from a judgment order or

other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

[As to vacating and annulling decree for divorce, see note in 61 Am. Dec. 459.]

**Divorce—Decree—Vacation.**

2. Where an application to vacate a divorce decree was made by a motion without pleadings or summons, it could not be sustained as an original suit under Section 390, L. O. L., to impeach the decree for causes specified in such section.

**Divorce—Decree—Irregularities—Correction—Remedy—Appeal.**

3. Where, in divorce proceedings the court had jurisdiction of the parties and subject matter alleged irregularities, consisting of collusion and in the taking of testimony and hearing in the absence of the district attorney, could only be corrected by appeal taken within six months, as provided by Sections 548, 550, L. O. L.

[As to collateral attack on domestic decree of divorce, see note in Ann. Cas. 1915B, 430.]

**Appeal and Error—Right to Appeal—Order Affecting a Substantial Right.**

4. Where, in divorce proceedings the state was served with summons, but a decree was granted and the time to appeal lapsed without appeal, the state had thereafter no substantial or other right in the decree or litigation, and hence a subsequent order denying a motion to vacate the decree in the trial court for alleged irregularities was not a final order affecting a substantial right, made in a proceeding after judgment or decree so as to authorize an appeal therefrom under Section 548, L. O. L.

**Divorce—Right of Appeal—Motion to Vacate—Denial.**

5. An order denying a motion to vacate a divorce decree, filed after the time prescribed by statute for such motions and in effect an application to the trial court for a rehearing, is not appealable.

**Divorce—Proceedings—Parties Entitled to Appeal.**

6. Where there was no fraud or collusion shown, the state, entitled to be made a party in a divorce proceeding to prevent fraud, was not entitled to appeal on the ground that the decree was void on its face, since it had no interest in the proceeding.

**Divorce—Appeal—Party in Default.**

7. Where the district attorney, served with summons and complaint in divorce wherein the state was entitled to be a party, did not appear, the state was in default, and under the express provisions of Section 542, L. O. L., could not be heard on appeal.

**Divorce—Vacation—Perjury.**

8. A decree of divorce cannot be vacated upon the ground that it was obtained by perjured testimony.

# From Clackamas: JAMES U. CAMPBELL, Judge.

In Banc.   Statement by MR. JUSTICE BURNETT.

This is a suit by Hannah M. Orr against Gus Orr.

A decree of divorce having been rendered in this cause in the Circuit Court for Clackamas County on June 10, 1911, the district attorney for that county, on February 23, 1914, moved that court to vacate the decree for three reasons:

"(1) Fraud upon the court in the procurement of said decree; (2) fraud upon the State of Oregon and the district attorney of the fifth judicial district of the State of Oregon; (3) because the court had no jurisdiction of the persons or the subject matter in this suit to warrant the rendition or entry of this decree."

The court overruled this motion, and the state has appealed. The defendant Orr now moves the court to dismiss the appeal because the transcript was not filed within the time limited by law and because the order challenged is not appealable.

DISMISSED.   APPROVED ON REHEARING.

*Mr. Ed Mendenhall, Mr. Frank Schlegel* and *Messrs. Malarkey, Seabrook & Dibble,* for the motion.

*Mr. Gilbert L. Hedges,* District Attorney, and *Mr. M. G. Munley, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It is sufficient to consider only the second ground of the motion. We find that in respect to the subject matter of the suit it is alleged in the complaint "that plaintiff is now and has been for more than one year last past and prior to the filing of the complaint herein, a resident and inhabitant of the State of Ore-

gon.'' This brings it within the provisions of Section 509, L. O. L., stating:

"In a suit for the dissolution of the marriage contract, the plaintiff therein must be an inhabitant of the state at the commencement of the suit, and for one year prior thereto; which residence shall be sufficient to give the court jurisdiction, without regard to the place where the marriage was solemnized, or the cause of suit arose."

Concerning jurisdiction of the parties, we learn from the record that the defendant Orr on May 22, 1911, entered his appearance by filing a general demurrer to the complaint, which demurrer was afterward overruled. It is said in Section 1020, L. O. L.:

"In any suit for the dissolution of the marriage contract, or to have the same declared void, the state is to be deemed a party defendant, and the party plaintiff in such suit shall cause the summons to be served upon the district attorney of the district within which the suit is commenced at least ten days before the term at which the defendant is required to appear and answer. It shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend against the same in good faith, to make a defense therein on behalf of the state. The court shall not hear or determine any suit for a divorce until service has been made upon the district attorney as hereinbefore provided, unless the district attorney or his duly appointed deputy waive the provisions of this section by appearing in person at the trial of said cause or by written acknowledgment of service waiving time for his appearance therein. * * ''

This is the amended form of that section embodied in Chapter 86, Laws of 1911. The state being a party defendant by operation of law, it appears in the record

that the district attorney for the judicial district in
which Clackamas County is situated accepted service
of the summons and complaint in that county May 19,
1911. The court, therefore, had jurisdiction of the
subject matter of all the parties to the suit. Thus
equipped with authority, it rendered a decree on June
10, 1911, as disclosed by the record, granting a divorce
to the plaintiff. The next proceeding in the case was
the application by the state on February 28, 1914, to
vacate the decree as stated above. Numerous affida-
vits were filed in support of and controverting this
motion, and there seems to have been an additional
hearing in the Circuit Court. These sworn declara-
tions cover a wide range of statement. Reduced to
their lowest terms, they point out that the defendant
husband paid the attorney who appeared for the plain-
tiff, that he himself was anxious that his wife should
secure a divorce, and that she fain would accomplish
the same result. The affidavits do not, in any sense,
challenge the truth of the allegations of the complaint
charging the defendant with cruel and inhuman treat-
ment of the plaintiff and infidelity to his marriage
vows. Certain irregularities about the taking of tes-
timony are imputed to the plaintiff, and it is said that
the district attorney was not present at the hearing of
the case before the court. The motion to set aside the
decree is not accompanied by any answer on the part
of the state.

1. Not having been filed within one year after the
rendition of the decree, and there being no showing
but that all these irregularities were known to the
state authorities at or before the time they occurred,
the proceeding cannot be classified under Section 103,
L. O. L., allowing the court, in its discretion, to "re-
lieve a party from a judgment, order or other

proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.''

2. Neither can it be set down as an original suit under Section 390, L. O. L., to impeach the decree for any of the causes there stated because there are no pleadings or summons embodying such a purpose. The court having had jurisdiction of the subject matter and of the parties, as already stated, its decree at best was not void, but merely voidable.

3. The alleged faults underlying the court's decision and mentioned in the affidavits were all such as could have been corrected on appeal. Under such circumstances, Section 548, L. O. L., controls the situation, speaking thus:

''A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree.''

It is true that it is the constant practice of courts to strike from their records judgments and decrees which are void upon their face, but where they are merely erroneous or irregular, as appears in this case, our statute, aside from motions for new trial, makes the remedy by appeal exclusive as a method of attack in the same proceeding, for it says they shall be ''reviewed as prescribed in this chapter, and not otherwise.''

Among other requirements as they stood at the time of the rendition of this decree the chapter on appeals prescribes that resort to the Supreme Court shall be

taken by serving a notice of appeal within six months from the entry of the decree: Section 550, L. O. L. Neither party to the suit can evade the provisions of this statute, but that is what it would amount to if at any later time he chose, a party could call upon a court to review its own decrees as upon appeal and then carry his plaint to this court if the decision is adverse.

4. It is contended in the brief for the state that the order of the Circuit Court refusing a vacation of its former decree is, within the meaning of Section 548, L. O. L., "a final order affecting a substantial right, and made in a proceeding after judgment or decree," or, in other words, such an action of the court as is there set down as a conventional decree for the purposes of appeal. By the failure to file an answer after having been served with summons, and allowing the time for appeal to elapse, the state had no substantial or other right in the decree or in the litigation in question. Whatever they had been or might have been, they all lapsed when the time for appeal expired so, far as concerns movement in the same case against a decree fair upon the face of the record. Hence it had no right which could be affected so as to bring the order in question within the description of an appealable order defined in Section 548.

5. In real effect the motion of the state was an application to set aside the decree and to grant a rehearing. We do not decide whether such a motion is permissible in equity suits. It cannot, however, avail the state, for it was not filed within the time prescribed by the statute for such motions, and, moreover, a denial of applications of the kind often has been held not subject to appeal: *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257). It is not

necessary to consider whether the transcript was filed in time or not; but for the reasons stated, the order not being appealable, the appeal is dismissed.

DISMISSED.   SUSTAINED ON REHEARING.

---

Former opinion sustained March 2, 1915.

ON REHEARING.

(146 Pac. 964.)

A rehearing was granted January 12 and cause reargued January 27, 1915.

For appellant there was a brief over the names of *Mr. M. G. Munley* and *Mr. Gilbert L. Hedges,* District Attorney, with an oral argument by *Mr. Munley.*

For respondent there was a brief over the names of *Messrs. Malarkey, Seabrook & Dibble* and *Mr. Frank Schlegal,* with oral arguments by *Mr. Dan Malarkey* and *Mr. Ephraim B. Seabrook.*

In Banc.   MR. JUSTICE BENSON delivered the opinion of the court.

6. Counsel for appellant contended very earnestly, upon the rehearing, that the record in this case discloses upon its face the absolutely void character of the decree entered in the trial court. But a careful inspection of the record does not bear out counsel's contention. However, in any event, the appellant is not in a position to invoke the action of the court. The only purpose for which the state is made a party to divorce proceedings is to prevent fraud or collusion.

7, 8. As has already been observed in the former opinion herein, there is nothing in the record disclosing collusion. The only fraud attempted to be disclosed by appellant in the affidavits filed consists in seeking to show that the plaintiff testified falsely in the trial as to her residence in the state for the statutory time to entitle her to begin a suit for divorce. It has been held by this court, and the holding is abundantly supported by reason and authority, that a decree cannot be vacated upon the ground that it was obtained by the use of perjured testimony: *Friese* v. *Hummel*, 26 Or. 145 (37 Pac. 458, 46 Am. St. Rep. 610). It may well be observed, also, that the record shows that the district attorney was duly served with summons and complaint, but never made any appearance in the trial court.

Therefore, since it does not appear that the state has any interest in the litigation, and is also clearly in default (L. O. L., § 542), there is no good reason for disturbing the former opinion herein; and it must be adhered to.                FORMER OPINION SUSTAINED.