[No. 2140]

## MARY E. PRESSON, APPELLANT, v. BURTON C. PRESSON, RESPONDENT.

[147 Pac. 1081]

1. DOMICILE—"RESIDENCE."

"Residence" is a settled or fixed abode of a character indicating permanency, or at least an intention to remain for an ·indefinite time, being made up of the physical fact of abode and the intention of remaining.

2. STATUTES—ACTS RELATING TO SAME SUBJECT-MATTER—CONSTRUCTION—"REPUGNANCY."

Two statutes relating to the same subject-matter are to be read and construed together, with a view to harmonizing them, if possible, to give effect to both, unless the later act expressly repeals the earlier, or is so repugnant to it as to repeal it by necessary implication; "repugnancy" being inconsistency or conflict with something else.

3. DIVORCE—JURISDICTION—"LEGAL RESIDENCE"—STATUTE.

The action·was for divorce; defendant denying the jurisdictional allegation of the complaint of the plaintiff's residence for the statutory period of six months prior to the suit brought. Upon trial to a jury, special findings were made that plaintiff had established her residence solely for the purpose of obtaining a divorce. Rev. Laws, sec. 5838, provides that divorce from the bonds of matrimony may be obtained, etc., in the county

in which the plaintiff shall have resided six months before suit brought; while section 3610 provides that the "legal residence" of a person with reference to his right of suffrage and eligibility to office, is that place where his habitation is fixed and permanent, and to which, whenever he is absent, he has the intention of returning. Stats. 1911, c. 158, provides that the "legal residence" of a person "with reference to his or her * * * right to maintain or defend any suit at law or in equity" is that place where he or she shall have been actually, physically, and corporeally present within the state or county during all of the period for which residence is claimed by him or her. *Held,* that there is no necessary repugnancy between the provisions of the Revised Laws relating to residence and the act of 1911; the latter merely adding the requirement of physical presence to the former general requirement of the intention permanently to reside, so that the plaintiff, taking up her residence solely for the purpose of maintaining a divorce action, did not acquire such residence as was necessary to give the court jurisdiction of her suit.

APPEAL from Second Judicial District Court, Washoe County, *A. N. Salisbury,* Judge.

Suit for divorce by Mary E. Presson against Burton C. Presson. Judgment for defendant, and plaintiff appeals. **Affirmed.**

*J. M. Frame* and *J. S. Parker,* for Appellant.

*Harwood & Springmeyer,* for Respondent.

By the Court, COLEMAN, J.:

This is an action for divorce brought in the district court of Washoe County by appellant. There is only one question involved in this appeal, and that is one which goes to the jurisdiction of the trial court. Plaintiff in her complaint alleged that she had been a resident of Washoe County for the statutory period of six months prior to the institution of her suit. The defendant in his answer denied this jurisdictional allegation.

The case came on for trial before a jury, which made special findings establishing the fact that, while the plaintiff had actually been in Washoe County for a period of six months prior to the filing of the suit, she came to the state and county for the sole purpose of obtaining a divorce from the defendant, and with the intention of

returning to the state from which she came immediately upon being granted a divorce. The point involved goes solely to the question of residence in Washoe County for the statutory time of six months.

Section 3610 of the Revised Laws of 1912 reads: "The legal residence of a person, with reference to his right of suffrage and eligibility to office, is that place where his habitation is fixed and permanent, and to which, whenever he is absent, he has the intention of returning."

The material portion of section 5838 of the Revised Laws of 1912 is as follows: "Divorce from the bonds of matrimony may be obtained by complaint under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside, or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided six months before suit be brought."

In 1911 the legislature passed an act (Stats. 1911, c.158) which provides:

"The legal residence of a person with reference to his or her right of suffrage, eligibility to office, right of naturalization, right to maintain or defend any suit at law or in equity, or any other right dependent on residence, is that place where he or she shall have been actually, physically and corporeally present within the state or county, as the case may be, during all of the period for which residence is claimed by him or her; *provided, however*, should any person absent himself from the jurisdiction of his residence with the intention in good faith to return without delay and continue his residence, the time of such absence shall not be considered in determining the fact of such residence."

[1] The learned trial judge, in his written opinion, which is a part of the record in this case, says:

"Counsel for the plaintiff admit that before the passage of the session act of 1911, entitled 'An act defining what shall constitute legal residence in the State of Nevada' (Stats. 1911, c. 158), the character of residence required

by section 5838 was the same chapter of residence as
has been defined and required by the courts universally
throughout the United States, namely, a settled or fixed
abode of a character indicating permanency, or at least
for an indefinite time, to which, when he is absent, he has
the intention of returning, or, in other words, an abode
which is not transient, but contend that by the session
act of 1911 above referred to the matter of intent has
been entirely eliminated from the question of residence,
and that the divorce court has jurisdiction to grant a
divorce to a plaintiff who has been bodily present in the
county for six months before such suit is brought,
although such person came to the county with the sole
intent and purpose of obtaining a divorce, and then return-
ing to the state from which the plaintiff came."

We assume that this is a correct statement of the
position taken by plaintiff in the lower court, not only
because it is so stated by the trial judge, but for the
further reason that counsel, neither in their brief nor in
their oral argument, indicated to the court that the state-
ment was erroneous. But, be that as it may, the rule of
law laid down in the statement is sustained by ample
authority.

"A legal residence, not an actual residence alone, but
such a residence as that, when a man leaves it tempo-
rarily or on business, he has an intention of returning to,
and which, when he has returned to, becomes and is *de
facto* and *de jure* his domicile, his residence. There must
be a fixed habitation, with no intention of removing there-
from." (*Hinds* v. *Hinds*, 1 Iowa, 36; *Beach* v. *Beach*, 4
Okl. 359, 46 Pac. 529.)

"To construe the temporary residence by appellant with
his wife in New York to be a change of domicile seems
to me unwarranted, for, as Mr. Justice Depue said, in
*Harral* v. *Harral*, 39 N. J. Eq. 285, 51 Am. Rep. 17,
'to the *factum* of residence must be added the *animus
manendi*, and that place is the domicile of a person in which
he has voluntarily fixed his habitation, not for a mere tem-
porary or special purpose, but with a present intention of

making it his home.'" (*Watkinson* v. *Watkinson*, 68 N. J. Eq. 632, 60 Atl. 931, 69 L. R. A. 397, 6 Ann. Cas. 326.)

"Residence is, indeed, made up of fact and intention; that is, of abode with intention of remaining." (*Pfoutz* v. *Comford*, 36 Pa. 420.)

"Residence means the place where one resides; an abode; a dwelling or habitation; especially, a settled or permanent home or domicile. Residence is made up of fact and intention. There must be the fact of abode, and the intention of remaining." (*Wright* v. *Genesee Cir. Judge*, 117 Mich. 244, 75 N. W. 465.)

"If a party removes from his domicile, with an intention of returning, he does not lose his domicile; as he can have acquired one nowhere else. * * * So if a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take up a permanent residence elsewhere, he does not change his domicile." (*Crawford* v. *Wilson*, 4 Barb. N. Y. 519.)

"There is a broad distinction between a legal and actual residence. * * * His legal residence consists of fact and intention; both must concur; and when his legal residence is once fixed, it requires both fact and intention to change it." (*Tipton* v. *Tipton*, 87 Ky. 245, 8 S. W. 440.)

In Arizona and North Dakota the statute requires residence in "good faith" to give the court jurisdiction. (*Smith* v. *Smith*, 7 N. D. 404, 75 N. W. 785; *Andrade* v. *Andrade*, 14 Ariz. 379, 128 Pac. 813.) It is not a debatable proposition that, before a person who was a resident of another state could establish a "legal" residence in Nevada under the statute existing prior to the 1911 act; it was absolutely necessary that he must have come into the state with the *bona fide* intention to make Nevada his permanent home. A mere coming for a special purpose and for a limited time would not avail to establish such residence.

As was said in *Fleming* v. *Fleming*, 36 Nev. 135, 134 Pac. 445: "Legal residence consists of fact and intention combined; both must concur, and, when one's legal

residence is fixed it requires both fact and intention to change it."

[2] What, then, is the effect of the act of 1911? This act pertains to the identical subject as the previous act. Being *in pari materia*, the two acts must be read and construed together, and so harmonized as to give effect to them both, unless the latter act expressly repeals the former, or is so repugnant to it that the former should be held repealed by implication. Repeals by implication are not favored. (*State* v. *Ducker*, 35 Nev. 214, 127 Pac. 990; *State* v. *Eggers*, 36 Nev. 372, 136 Pac. 101.) This court, in considering the same point in the case of *State* v. *Donnelly*, 20 Nev. 216, 19 Pac. 681, used the following language:

"The statutes in question having been passed at the same session and being *in pari materia*, the well-established rule is that they must be construed together as one statute. (*Board* v. *Cutler*, 6 Ind. 354; *McMahon* v. *Cincinnati R. R. Co.*, 5 Ind. 415; *Cain* v. *State*, 20 Tex. 358; *Ranoul* v. *Griffie*, 3 Md. 60; *Cannon* v. *Vaughan*, 12 Tex. 402; *Goddard* v. *Boston*, 20 Pick. 410; *Brown* v. *Commissioners*, 21 Pa. 42; *U. S.* v. *Tynen*, 11 Wall. 92, 20 L. Ed. 153; *U. S.* v. *Claflin*, 97 U. S. 551 24 L. Ed. 1082; *Bowen* v. *Lease*, 5 Hill, 225; *Dodge* v. *Gridley*, 10 Ohio, 173.) 'If there be two affirmative statutes upon the same subject, the one does not repeal the other, if both may consist together; and we ought to seek for such a construction as will reconcile them together.' (*Warder* v. *Arell*, 2 Wash. Va. 283, 1 Am. Dec. 488.) 'When two statutes are so flatly repugnant that both cannot be executed, and we are obliged to choose between them, the later is always deemed a repeal of the earlier. * * * But, whenever two acts can be made to stand together, it is the duty of the judge to give both of them full effect. Even when they are seemingly repugnant, they must, if possible, have such a construction that one may not be a repeal of the other, unless the later one contains negative words, or the intention is * * * manifest by some intelligible form of expression.' (*Brown* v. *Commissioners*, 21 Pa. 42.) 'The presumption is always against the

intention to repeal where express terms are not used. Hence the rule, as laid down by Chief Justice Marshall, that a repeal by implication ought not to be presumed, unless from the repugnance of the provisions the inference be necessary and unavoidable; * * * and the like rule by Judge Storey, who, in considering whether a later statute repeals a former one, says that the inquiry is whether it (the former statute) is repealed by necessary implication. We say, by necessary implication, for it is not sufficient to establish that subsequent laws cover some, or even all, of the cases provided for by it; for they may may be merely affirmative, or cumulative, or auxiliary. But there must be a positive repugnancy between the provisions of the new laws and those of the old; and, even then, the old law is repealed by implication only *pro tanto* to the extent of the repugnancy. (*Hogan* v. *Guigon*, 29 Grat. 709.) And see *Thorpe* v. *Schooling*, 7 Nev. 17."

The able, learned, and beloved jurist, Chief Justice TALBOT, in *Abel* v. *Eggers*, 36 Nev. 381, 136 Pac. 103, said:

"It is also a well-recognized principle that statutes relating to the same matter which can stand together should be construed so as to make each effective."

There is no allusion in the latter act squinting at an express repeal of the former. Then is there such repugnance between the two acts defining "legal residence" as to repeal by implication the former? The former act provides that certain things shall be essential to constitute "legal residence," so as to confer the right of suffrage and to hold office, while the latter act provides that "legal residence" for all purposes shall be the place where a person shall have actually, physically, and corporeally been present for the period for which residence is claimed.

Keeping in mind the rule that repeals by implication are not favored, and that it is our duty to seek such a construction as will harmonize the two acts, it becomes necessary to ascertain if there is such repugnance between the two acts as justifies a holding that the former act is repealed by the latter. Repugnance is

defined as inconsistency. (*Swan* v. *U. S.*, 3 Wyo. 151, 9
Pac. 931.) Repugnance means contrary to or inconsis-
tent with. (Cent. Dict.) In law, contrary to or in con-
flict with something else. (New Standard.Dict.) Under
the first act, any one who came to the state intending in
good faith to establish his home therein, and who actually
established such a home with the intention of making it
his permanent abiding place, became a resident, and the
act of 1911 provides that actual, physical, and corporeal
presence for six months shall be essential to the estab-
lishing of a residence. We fail to see any inconsistency
between the two acts. A person may come to the state
with the *bona fide* intention of making it his permanent
abiding place, and then follow it up by actually establish-
ing a home and living within its walls for six months.
What is there in living within its walls for six months
repugnant to his coming to the state with the *bona fide*
intention of establishing a permanent abiding place?
May he not have had such *bona fide* intention? If he
could and did have it, could he not, after arriving and
establishing such an abiding place, remain within its
walls of his own free will for six months? If he could,
wherein lies the repugnance? There is no repugnance
between the two acts, and the former is not repealed by
implication.

Since the former act is not repealed in express terms
or by implication, and since the legislature cannot be
presumed to have done an absurd thing, what must be
the result of the passage of the 1911 act? Clearly it
must have been the intention to make necessary some-
thing not theretofore required to establish residence in
such a sense as to give a court jurisdiction in a divorce
suit, and that additional requirement was to make physi-
cal, corporeal presence in the county for the statutory
time an essential to the conferring of such jurisdiction.
There can be no escaping this conclusion. To take any
other position would be to put an absurd construction
upon the act of 1911, and it is a canon of construction
in considering legislative enactments to avoid absurd
construction.

This court in the case of *Tiedemann* v. *Tiedemann*, 36 Nev. 494, 137 Pac. 824, in speaking of the act of 1911, used the following language:

"In the recent case of *Fleming* v. *Fleming*, 36 Nev. 135, 134 Pac. 445, we had occasion to consider the sufficiency of allegations in a complaint for divorce, where the plaintiff based his right of action solely upon his own residence. In that case we held 'that the residence required by the statute (Rev. Laws, sec. 5838), and contemplated by the session act of 1911, was actual residence—that is, physical, corporeal presence—and not alone legal residence or domicile,' for the period of six months within the county wherein suit was instituted."

Again, this court, in the case of *Fleming* v. *Fleming*, 36 Nev. 135, 134 Pac. 445, held:

"It is our judgment that the residence required by the statute (Rev. Laws, sec. 5838) and contemplated by the session act of 1911 was actual residence; that is, physical, corporeal presence, and not *alone* legal residence or domicile."

It is contended by counsel for the appellant that this court, in the case of *Whise* v. *Whise*, 36 Nev. 16, 131 Pac. 967, 44 L. R. A. n. s. 689, laid down a rule which practically holds that the intention with which a person comes into the state to establish a residence is not material. The language relied upon in that decision is as follows:

"Both parties to this action had submitted themselves to the jurisdiction of the trial court, in which court there had been a trial and determination of all of the issues, and at the conclusion of the controversy either party had the right to go wherever he or she saw fit."

There was no intention to assert any such doctrine as contended for by appellant. The court simply meant to say that, assuming that the trial court had jurisdiction of the case, and having tried and determined it and entered a decree in favor of the plaintiff, there was nothing which could prevent his leaving the state.

[3] Appellant not having come to Washoe County with the view of becoming a *bona fide* resident of the county, but for the sole purpose of obtaining a divorce and then

returning to the State of Nebraska, from which she came, the trial court did not acquire jurisdiction, and the judgment was clearly right.

Judgment affirmed.