[No. 2482]

## EMILY HARTLEY WALKER, RESPONDENT, *v.* ORLANDO F. WALKER, APPELLANT.

[198 Pac. 433]

1. DIVORCE—RESIDENCE FOR SOLE PURPOSE OF OBTAINING DIVORCE INSUFFICIENT, UNLESS BONA-FIDE INTENTION OF REMAINING APPEARS.

    Residence in the state for statutory period of six months solely for the purpose of obtaining a divorce is not sufficient to give jurisdiction, but a bona-fide residence with the intention of remaining must appear, and plaintiffs must bring themselves clearly and affirmatively within the jurisdiction of the court.

2. DIVORCE—IF INTENTION IS TO REMAIN IN STATE PERMANENTLY, MERE FACT OF GOING THERE TO OBTAIN DIVORCE WILL NOT PREVENT DECREE.

    The mere fact that the main purpose of one in going to another state is to obtain a divorce will not prevent a divorce there if it is his or her purpose to remain permanently.

3. DIVORCE—PLAINTIFF'S RESIDENCE A QUESTION OF FACT FOR TRIAL COURT.

    The question of plaintiff's residence in a divorce action is one of fact to be determined by the trial court.

4. DIVORCE—COURT'S FINDING AS TO RESIDENCE WILL NOT BE DISTURBED ON APPEAL WHERE SUPPORTED.

    Where the bona fides of plaintiff's residence in a divorce suit is attacked by a spouse charged with cruelty, a personal element is injected into the issue of residence, and where the trial court finds upon a substantial conflict in the evidence in favor of plaintiff, and assumes jurisdiction, its finding imports that the residence was in good faith and such finding when supported by evidence cannot be disturbed on appeal.

5. DIVORCE—NO LAW PREVENTS CHANGE OF DOMICILE TO OBTAIN DIVORCE.

    There is no rule of law which prevents one from changing *his domicile in order to facilitate his* obtaining a divorce, or to secure other advantages he may think the law of the new domicile may afford him, but the change must be a bona-fide one to be effective.

APPEAL from the Tenth Judicial District Court, Clark County; *Wm. E. Orr,* Judge.

Suit by Emily Hartley Walker against Orlando F. Walker. From a decree for complainant, defendant appeals. **Affirmed.**

*Breeze & Hinman,* for Appellant:

The trial court was without jurisdiction, for the reason that respondent had not been a bona-fide resident at the time of the commencement of the action. The courts have only such jurisdiction as has been conferred by the legislature. The law favors marriage as the most important of the domestic relations, but allows its dissolution only under such restrictions as the legislature may deem best for the public welfare. Worthington v. District Court, 37 Nev. 212.

Respondent was not actually, physically and corporeally present in the county during the required period of six months. Rev. Laws, 5838; Fleming v. Fleming, 36 Nev. 135.

The intent of respondent to commence her residence was not formed within the time required, if formed at all. "Legal residence consists of fact and intention combined; both must concur; and when one's legal residence is fixed, it requires both fact and intention to change it." Fleming v. Fleming, supra; Presson v. Presson, 38 Nev. 203.

Respondent came to Nevada for the sole purpose of obtaining a divorce. Where there is a substantial conflict in the evidence, the appellate court will not disturb the decision of the court below, but "if there be no substantial conflict in the evidence upon any material point, and the verdict or decision be against such evidence, the judgment based thereon will be reversed, and a new trial directed." 2 Hayne, N. T. & A. 1623. "However, if there be no substantial evidence upon the side of the verdict, it is the undoubted duty of the appellate court to set it aside." Ophir M. Co. v. Carpenter, 4 Nev. 534; Dalton v. Dalton, 14 Nev. 419; Watt v. R. R. Co., 23 Nev. 154; Moore v. Rochester W. M. Co., 42 Nev. 164.

*A. W. Ham* and *Stevens & Henderson,* for Respondent:

The question of the residence of the plaintiff was one of fact to be determined by the trial court. Blakeslee v.

Blakeslee, 40 Nev. 235; Fleming v. Fleming, 36 Nev. 135; Merritt v. Merritt, 160 Pac. 22; Presson v. Presson, 38 Nev. 203; Aspinwall v. Aspinwall, 40 Nev. 55.

The decision of the district court cannot be disturbed. There was a substantial conflict in the evidence as to whether or not respondent came to Nevada for the purpose of obtaining a divorce. Where there is a substantial conflict in the evidence, the appellate court will not disturb the decision of the court below. 2 Hayne, N. T. & A. 288; Lick v. Madden, 36 Cal. 213; Miller v. Miller, 136 Pac. 15.

"It will be presumed by the appellate court that findings of facts by the court below were correct, if there is any substantial legal evidence upon which it may be seen that the findings of fact in question, aided by any reasonable inference, could within reason have been based." 3 Cyc. 308.

By the Court, SANDERS, C. J.:

This appeal is taken by the husband from a decree of divorce granted his wife upon the ground of extreme cruelty inflicted upon her during the coverture. We are asked to reverse the decree upon the grounds: First, that the court was without jurisdiction of the subject-matter of the action, for the reason that the wife came from her home in Rockford, Ill., to the State of Nevada for the sole purpose of obtaining a divorce, and with the intention of returning when she had accomplished her purpose; and, second, that the charges of cruelty are not sustained by the evidence.

Referring to these questions in their order, and to the parties as they stood in the court below, it appears that the plaintiff is a woman 58 years of age, of independent means, without issue of the marriage, whose main purpose in leaving Illinois and establishing a residence in Nevada was to obtain a divorce. The question for determination is, Has the plaintiff met the residential qualifications of the Nevada statute?

1, 2.     Residence in this state for the statutory period of six months solely for the purpose of obtaining a divorce is not sufficient to give jurisdiction, but a bonafide residence with the intention of remaining must appear.     Where residence is made the basis of jurisdiction, parties who invoke the power of the court to relieve them from the marriage tie must bring themselves clearly and affirmatively within the jurisdiction of the court.     Fleming v. Fleming, 36 Nev. 135, 134 Pac. 445; Presson v. Presson, 38 Nev. 203, 147 Pac. 1081. But the mere fact that the main purpose of one in going to another state is to obtain a divorce will not prevent a divorce there if it is his or her purpose to remain permanently.     Presson v. Presson, supra; Andrade v. Andrade, 14 Ariz. 379, 128 Pac. 813; Gildersleeve v. Gildersleeve, 88 Conn. 689, 92 Atl. 684, Ann. Cas. 1916B, 920; Dunham v. Dunham, 162 Ill. 589; 44 N. E. 841, 35 L. R. A. 70; Albee v. Albee, 141 Ill. 550, 31 N. E. 153; Gregory v. Gregory, 76 Me. 535; Hegeman v. Fox, 31 Barb. (N. Y.) 475; In Re Hall, 61 App. Div. 266, 70 N. Y. Supp. 406; Colburn v. Colburn, 70 Mich. 647, 38 N. W. 607; Graham v. Graham, 9 N. D. 88, 81 N. W. 44; Wallace v. Wallace, 65 N. J. Eq. 359, 54 Atl. 433; Fosdick v. Fosdick, 15 R. I. 130, 23 Atl. 140; 2 Schouler, M. D. & S. (6th ed.) sec. 1506, 14 Cyc. 587; Minor's Conflict of Laws, sec. 90, p. 199, also section 50.

The result of these and other authorities is that, where the animus really exists to remain permanently, the fact that the motive of the removal is to procure a divorce is immaterial.

3, 4.     The question of plaintiff's residence in a divorce action (necessary to be pleaded and proved) is one of fact to be determined by the trial court.     Blakeslee v. Blakeslee, 41 Nev. 243, 168 Pac. 950.     We are also of the opinion that where the bona fides of plaintiff's residence is attacked by a spouse charged with cruelty, a personal element is injected into the issue of residence, and where the trial court finds upon a substantial conflict in the evidence in favor of the plaintiff and assumes

jurisdiction, and refuses to find that plaintiff's residence was a fraud upon its jurisdiction, its finding imports that the residence was in good faith, and such finding, when supported by the testimony on behalf of the plaintiff, cannot be disturbed on appeal. Miller v. Miller, 37 Nev. 257, 142 Pac. 218; Gildersleeve v. Gildersleeve, supra.

The plaintiff in this action was subjected, as a witness in her own behalf, to a most able and searching cross-examination to lay bare before the court her real animus in coming to Nevada. It covered every period of her marital life, her every moment before leaving the State of Illinois, and her acts and conduct and mode of living in Nevada from the time she arrived up to the bringing of her action in the district court of Clark County, where the cause was heard and determined. The credibility of her story was a matter for the trial judge. It seems to have carried conviction to the mind of the court as to its verity, and satisfied the court that plaintiff's residence in Nevada was in good faith and not merely colorable. The court was entitled to believe it, and we cannot properly disturb the conclusion reached. We have carefully considered, in connection with all the testimony, the point raised that plaintiff's residence could not be bona fide, for the reason that the unmistakable indications from surrounding circumstances are that plaintiff was moved to leave Illinois because she was impatient of delay in throwing off and eager to be rid of her marriage ties, and that she could more readily and speedily obtain a divorce under the six-month residence clause in the Nevada law. These considerations are, indeed, pertinent, and cast a suspicion, and quite a strong suspicion, upon the credibility of plaintiff's testimony, but we assume that they were weighed by the trial court in connection with all the testimony bearing upon the point.

5. There is no rule of law which prevents one from changing his domicile in order to facilitate his obtaining a divorce or to secure other advantages he may think

that the laws of the new domicile may afford him. He is free to change at his pleasure, but the change must be a bona-fide one to to be effective. If actual and bona fide, the change will be accomplished. Gildersleeve v. Gildersleeve, supra, and other cases hereinabove cited.

As to the second proposition—that the charges of cruelty are not sustained by the proof—we are of the opinion that the trial court's full and specific findings thereon are correct.

The judgment is affirmed.