## CONFER v. DISTRICT COURT

### No. 2688

April 6, 1925.                                 234 P. 688.

1. Process—To Obtain Legal Service by Publication, Complaint Must State Good Cause of Action.
   Under Civil Practice Act, sec. 84, as amended by Stats. 1923, c. 158, to obtain legal service by publication against nonresident, complaint must state good cause of action to satisfaction of court.

2. Divorce—Attack on Decree for Want of Jurisdiction Too Late, where Petitioner Knew all the Facts Before Decree.
   Where defendant in divorce action denied jurisdiction only on information and belief that necessary residence of plaintiff had not been established, attack on decree on those grounds held too late, where all facts were known before decree.

3. Divorce—Decree May Be Annulled Only for Fraud which is Extrinsic or Collateral.
   Decree of divorce may be annulled only for fraud which is extrinsic or collateral to matter tried by court, and not fraud in matter on which judgment was rendered.

4. Divorce—Fraud as to Residence, being Jurisdictional Fact, Not Available to Annul Decree.
   Fraud in alleging or establishing required residence in divorce action, being a jurisdictional fact, held not available to annul decree.

See (1) 32 Cyc. p. 475, n. 3, p. 477, n. 13; (2, 3, 4) 19 C. J. sec. 415, p. 166, n. 28; sec. 438, p. 176, n. 75; 34 C. J. sec. 496, p. 280, n. 96.

Original proceeding in mandamus by Emma E. Confer against the Second Judicial District Court of the State of Nevada, in and for county of Washoe, and George A. Bartlett, Judge of said court, to show cause why he should not be compelled to grant order directing service of summons on verified complaint. **Proceeding dismissed. Rehearing denied.**

*Frame & Raffetto,* for Relator:

In action for divorce, being proceeding in rem, and res of action being status of parties, in order to transfer res to jurisdiction other than matrimonial domicile it is necessary that there be abandonment of that domicile with concurrence of act and intention in establishment of actual, bona fide, and permanent domicile in foreign

jurisdiction. Presson v. Presson, 38 Nev. 203; Aspinwall v. Aspinwall, 40 Nev. 55.

Where jurisdiction is lacking by reason of want of domicile of at least one of parties in foreign jurisdiction decree is nullity, and jurisdiction will always be inquired into, even in collateral proceedings, as such decree is void ab initio. Andrews v. Andrews, 188 U. S. 187; Haddock v. Haddock, 201 U. S. 562; Atherton v. Atherton, 181 U. S. 155; Sneed v. Sneed, 123 Pac. 212.

Jurisdiction can never be conferred by consent, waiver, estoppel, or laches. Ex Parte Gardner, 22 Nev. 281; Andrews v. Andrews, supra.

Appearance of party in foreign jurisdiction does not operate to confer jurisdiction over subject matter. Cases cited supra.

Judgment may in proper cases be set aside for fraud, inadvertence, where judgment was improvidently rendered, by court of its own motion, by proper motion, and by independent action. People ex rel. Swartz v. Temple, 37 P. 415; Stimson v. District Court, 47 Nev. 156.

It is duty of court, on suggestion of fraud, to investigate and purge record of judgment, if fraudulent. Pringle v. Pringle, 104 P. 135; Cottrell v. Cottrell, 23 P. 531.

It must be borne in mind that there is a distinction between judgments which are void because of lack of jurisdiction of subject matter, and those in which court does not possess jurisdiction over the subject matter or parties and which may be set aside on ground of extrinsic or collateral fraud. In latter class, want of jurisdiction over subject matter invalidates judgment.

*S. W. Belford, Samuel Platt,* and *E. F. Lunsford,* for Respondents:

Whole case may be reduced to one question, may decree be impeached for fraud appearing de hors the record by showing prevailing party testified falsely to material facts establishing residence?

This court has repeatedly held that the question of

residence of plaintiff in divorce action is one of fact to be determined by trial court. Fleming v. Fleming, 36 Nev. 135; Presson v. Presson, 38 Nev. 203; Blakeslee v. Blakeslee, 41 Nev. 235. It follows that before court could have entered decree in favor of plaintiff it must have found as fact contrary to allegation of complaint in instant proceeding. Court having so found, question then arises whether or not same matter may be again investigated. Complaint nowhere alleges that any facts were concealed by plaintiff in divorce action, but it is simply alleged generally that his divorce complaint contained false allegations as to residence and that he gave false testimony thereof. Neither is it anywhere alleged that defendant in divorce action was imposed upon or prevented from showing facts now alleged, with but one exception, that plaintiff left jurisdiction immediately after decree was entered and never returned. This is not newly discovered evidence which would affect material issues of case but could be considered only as impeachment by inference. Whise v. Whise, 36 Nev. 16. Allegation of departure after decree is not sufficient to vitiate decree, but argues only falsity of residence.

Motion to set aside divorce based on finding of residence supported by evidence cannot prevail on ground that plaintiff departed immediately after decree was rendered, thereby indicating testimony as to residence was false. Reeves v. Reeves, 123 N. W. 869.

It follows that matters now set up are not extrinsic or collateral to matters determined by trial court, and such matters are now res adjudicata as to parties. 19 C. J. 167.

To vitiate decree, fraud must be actual, and extrinsic or collateral as distinguished from judgment obtained on false evidence. Reeves v. Reeves, supra; Lieber v. Lieber, 143 S. W. 458; Orr v. Orr, 146 Pac. 964; U. S. v. Throckmorton, 98 U. S. 61; Friese v. Hemmel, 37 Pac. 458; Greene v. Greene, 2 Gray, 361; Graves v. Graves, 10 L. R. A. (N. S.) 216.

To entitle party to relief in equity perjury or fraud

must consist of extrinsic facts not examined in former action. Moor v. Moor, 63 S. W. 347.

To contention that there was entire absence of animus manendi on part of plaintiff and for that reason court was without jurisdiction, it is sufficient answer that question of domicile was before court for determination as question of fact and involved consideration of animus manendi as element of domicile. Reeves v. Reeves, supra; Bishop on Divorce, sec. 1577.

## OPINION

By the Court, SANDERS, J.:

An alternative writ of mandamus was issued out of this court at the instance of Emma E. Confer, directed to the respondent court and to Hon. George A. Bartlett, as judge thereof, commanding him to show cause before this court at the time specified in the writ why he should not be compelled to grant an order directing that service of a summons issued upon a verified complaint on file in said respondent court be made by the publication thereof.

1. To obtain legal service by publication of a summons against a nonresident, it must appear by affidavit to the satisfaction of the court or judge, not only that the defendant is a nonresident, but also, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made. Section 84, civil practice act (section 5026, Revised Laws), as amended by Statutes 1923, p. 275. This provision has been interpreted to mean that the probative facts set out in the affidavit or complaint must be sufficient to justify the court in being satisfied that the ultimate facts required by the statute exist. Victor M. & M. Co. v. Justice Court, 18 Nev. 21, 1 P. 831. That is to say, in this instance, the complaint on file must state a valid cause of action in equity to entitle the plaintiff (petitioner herein) to have summons issued and served by publication. The undisputed facts, in brief, are as follows:

In October, 1922, Nathan A. Confer commenced an action in the district court for Washoe County against Emma E. Confer for a divorce on the ground of cruelty, alleging residence in Washoe County for six months before the filing of the complaint. Process and a copy of the complaint were served personally on the defendant at her place of residence in the State of Pennsylvania. She came to Nevada, appeared, and put in an answer, in which she denied, upon her information and belief, the allegation respecting plaintiff's residence, and denied all charges against her, and in her answer, by way of cross-complaint, set up the desertion of her by the plaintiff, and demanded judgment for divorce against him upon the ground of desertion, and asked for suit money and attorney's fees. The plaintiff filed an answer to the cross-allegation, and, after a full hearing upon the pleadings and evidence, the court, George A. Bartlett, judge presiding, found all the allegations of the complaint, including that of residence, to be true, and on the 18th day of July, 1923, rendered a decree of divorce in favor of the plaintiff and against the defendant. The divorce proceedings are perfectly regular and valid upon their face.

On the 30th day of October, 1924, Emma E. Confer filed a complaint in the same court against Nathan A. Confer, claiming that the court was without jurisdiction, for want of residence on the part of Nathan A. Confer, to render the decree of divorce, in this: That Nathan A. Confer left the marital domicile of the parties in the State of Pennsylvania and came to the city of Reno, Washoe County, Nevada, for the sole purpose of obtaining a divorce, and without any intention of making that place his bona fide home and domicile, and for the purpose of inducing said district court to assume jurisdiction of his action for a divorce he falsely represented in his verified complaint that he was a bona fide resident of Washoe County, and had been for six months prior to the filing of his complaint, and to obtain a divorce he falsely testified as a witness in his own behalf upon the trial that he came to Reno, Washoe

County, Nevada, with the intention of making that place his bona fide home and domicile, when in truth and in fact his residence in Washoe County was merely colorable, and was assumed for the sole purpose of procuring a divorce. In this connection it is alleged that the plaintiff, on coming to Nevada, left all his personal and real property, including money in banks, intact in the State of Pennsylvania, and brought with him only such personal effects as were necessary to satisfy his immediate wants during his temporary sojourn in Nevada; that during his stay in the city of Reno he lived at a hotel in company with his married daughter, who came with him from Pennsylvania to Nevada; that the plaintiff was 78 years of age; that upon obtaining his decree of divorce he immediately returned to his home domicile and residence in Pennsylvania, which he never abandoned, and had no intention of abandoning when he came to Reno for the purpose of obtaining a divorce, and where he now resides.

The plaintiff further alleged that as a part of the judgment for divorce it was adjudged that there was no community property, and that by virtue thereof the plaintiff was deprived of her dower interest in property of Nathan A. Confer, of the approximate value of $100,000. The complaint alleges that by reason of the false and fraudulent representations and the perjured testimony of the plaintiff the district court was without jurisdiction, for want of residence, to render the decree of divorce of July 18, 1923, and the plaintiff prayed judgment that said decree be vacated and annulled. Upon the filing of her complaint the plaintiff applied to the respondent court for an order that the service of the summons thereon be made by publication. The court refused to grant the order; hence this proceeding in mandamus.

2. Nathan A. Confer may have practiced a fraud upon the law and the court, but certainly not upon Emma E. Confer. She was not deceived by the allegation of residence, neither was she an innocent party. The plaintiff alleged the required residence to give the

court jurisdiction of the subject matter of the action. 9 California Jurisprudence, 694. The allegation of residence was denied by the defendant (petitioner), upon her information and belief. No one, except the plaintiff, knew better than the defendant, petitioner herein, whether the allegation was true or not. The obligation devolved upon her to give the court all the information which she now shows she possessed concerning the fact of the plaintiff's residence. Her present solicitude for the protection of the court's jurisdiction in the divorce action comes too late. The petitioner not being an innocent party, that numerous class of cases cited by her counsel wherein innocent parties, against whom courts without jurisdiction, for want of residence, have rendered decrees of divorce, were granted relief in both direct and collateral proceedings, are not in point.

It is argued on the part of petitioner that, where a judgment for divorce is obtained by fraud practiced upon the law and the court, it is the duty of the judge rendering the decree to promptly make such inquiry and finding as to the allegations of fraud as will protect and preserve the integrity of his decree, and this without reference to the relative rights of the parties. This is indeed a high-minded position to take, but, unfortunately, the fraud of which the petitioner complains was that practiced upon the court in an action to which she was a party and an actor.

3. The power of a court of equity to grant relief from a judgment obtained by fraud is inherent, but not every fraud committed in the course of a judicial determination will furnish ground for such relief. The acts for which a judgment or decree may be set aside or annulled have reference only to fraud which is extrinsic or collateral to the matter tried by the court, and not to fraud in the matter on which the judgment was rendered. 15 R. C. L. 762. The rule applies to a divorce action to the same extent, at least, as to any other judgment or decree. Clark v. Clark, 64 Mont. 386, 210 P. 93, and cases cited.

4. Assuming for the sake of the argument, and the

argument only, as was done by the court in the case of Clark v. Clark, supra, that the allegation in the complaint for divorce respecting residence was untrue, and that the plaintiff's testimony in support of it was false, we are confronted with the question whether the judgment for divorce should be set aside upon the sole ground that an allegation in the complaint necessary to support the judgment was proved by false testimony. We are of opinion that the fraud being in respect to the very matter on which the judgment for divorce was rendered the judgment under the rule stated cannot be set aside. Clark v. Clark, supra; Orr v. Orr, 144 P. 753, 146 P. 964. The required residence of the plaintiff in a divorce action is a jurisdictional fact, and must appear to warrant a divorce. The allegation of residence stands upon the same footing as any other allegation of fact showing the right to a divorce. Walker v. Walker, 45 Nev. 105, 198 P. 433; Blakeslee v. Blakeslee, 41 Nev. 243, 168 P. 950; Dahne v. Superior Court, 31 Cal. App. 664, 161 P. 280. The case of McKim v. District Court, 33 Nev. 44, 110 P. 4, is authority for the proposition that a question as to the sufficiency of the evidence to establish residence upon the part of the complainant in a divorce proceeding must be taken by appeal, and not by original proceeding.

We think that by the plainest principles of equity the petitioner is, under all the circumstances, precluded from maintaining her action to annul the decree of divorce upon the sole ground that the allegation in the complaint necessary to support the judgment was proved by false testimony. Her complaint does not, therefore, state a valid cause of action in equity, and for this reason we decline to compel the respondent judge to make an order directing that the summons issued upon such complaint be made by the publication thereof.

The proceeding is dismissed.

ON PETITION FOR REHEARING

June 18, 1925.                                    236 P. 1097.

1. DIVORCE—DECREE GRANTED PLAINTIFF, RESIDING IN STATE FOR
   SIX MONTHS, NOT ANNULLED FOR FRAUD ON COURT'S JURIS-
   DICTION.
      Divorce decree obtained by plaintiff after six months' resi-
   dence in state, as required by statute, will not be annulled
   for fraud on jurisdiction of court, at suit of defendant who
   appeared in the action and had knowledge as to facts of resi-
   dence before decree.

2. DIVORCE—FINDINGS AS TO PLAINTIFF'S RESIDENCE CONCLUSIVE.
      Findings as to plaintiff's residence, which is jurisdictional
   fact in divorce action, are as conclusive as on any other fact
   issue in case.

3. DIVORCE—PLAINTIFF'S RETURN TO STATE OF FORMER RESIDENCE
   AFTER OBTAINING DIVORCE NOT GROUND FOR ANNULMENT.
      Statute requiring six months' residence to obtain divorce
   does not require that bona fide resident for such period before
   filing complaint reside in state for any specified time, and
   mere showing that he returned to state of former residence
   after obtaining divorce does not warrant annulment of decree,
   but is material only on question of intention to become resi-
   dent of county in which suit was brought.

See 19 C. J. sec. 414, p. 166, n. 20 (new) ; sec. 415, p. 167, n. 31
   (new) ; sec. 436, p. 175, n. 66.

On petition for rehearing.   **Rehearing denied.**

## OPINION

By the Court, SANDERS, J.:

We shall supplement the statement of the facts in
order that there may be no ·misunderstanding of the
questions of law presented in argument for a rehearing.

In October, 1922, Nathan A. Confer commenced an
action in the district court for Washoe County against
Emma E. Confer for a divorce, upon the ground of
extreme cruelty, alleging residence in that county for a
period of six months before the filing of his complaint.
Summons and copy of the complaint were served per-
sonally on the defendant at her place of residence in
Pennsylvania. She came to Reno, Washoe County,
Nevada, in response to said summons, appeared in
the action, and filed an answer to the complaint.

Subsequently she filed an amended answer, in which she alleged, in paragraph II thereof, as follows: .

"Answering the allegations contained in paragraph II of plaintiff's complaint, defendant alleges that she has no knowledge of the matters and things in said paragraph alleged, and denies the same upon information and belief, and in this connection defendant avers that plaintiff, on or about the 18th day of April, 1922, without any cause or provocation upon her part, and without informing defendant of his purpose, suddenly and mysteriously left the home of plaintiff and defendant in the borough of Hamburg, county of Berks, State of Pennsylvania, and that plaintiff's whereabouts remained unknown to defendant until service of process in the above-entitled action was made upon her in the State of Pennsylvania, on or about the 31st day of October, 1922."

Paragraph II of the complaint reads as follows:

"That the plaintiff is now, was, and has been an actual resident of the city of Reno, county of Washoe, State of Nevada, for the period of more than six months immediately preceding the commencement of this action."

In her answer, the defendant admitted and denied portions of the complaint, and for further and separate defense, and by way of cross-complaint, alleged, in substance, that the plaintiff, on or about the 18th day of April, 1922, without justifiable cause, willfully and without the consent of the defendant, and against her will, deserted the defendant. She alleged that plaintiff was the owner of property, consisting of real estate in the States of Pennsylvania and New Jersey, of the approximate value of $95,000, and was the owner of personal property of the approximate value of $25,000. She alleged that she was without any means of support, excepting the sum of $1,500 invested in Liberty bonds, and had no income excepting the interest received from said bonds; that the sum of $250 was a reasonable sum to be allowed and paid monthly by the plaintiff to the defendant for her permanent support and maintenance. The defendant prayed judgment that the plaintiff take

nothing by his action, and that the defendant have judgment against the plaintiff for the sum of $250 per month as and for her separate maintenance and support, and for such other and further equitable relief as might be just and equitable in the premises. The plaintiff made reply to the answer and cross-complaint. After a hearing upon the pleadings and evidence, the trial court found, among other of its findings, as follows:

"The court further finds that plaintiff is now, was, and has been an actual resident of the city of Reno, county of Washoe, State of Nevada, for a period of more than six months immediately preceding the commencement of this action, and that plaintiff. for more than six months next before filing his complaint, and before the commencement of said action, was physically and corporeally present in Washoe County, Nevada, in which county he had his only home, place of residence, and domicile."

Upon its findings of fact and conclusions of law, the court, on the 18th day of July, 1923, rendered judgment in favor of the plaintiff for divorce, and adjudged and decreed that the plaintiff pay to the defendant the sum of $50 per month for her permanent support and maintenance and as alimony; the court reserving the right to increase or decrease said sum upon proper application of either party.

In the answer of respondents, it is alleged and not denied that the said sum of $50 per month has been paid to the defendant and accepted by her as permanent alimony in accordance with said judgment and decree.

On the 30th day of October, 1924, Emma E. Confer filed suit against Nathan A. Confer in the district court for Washoe County, to have the decree of divorce granted Nathan A. Confer vacated and annulled. Upon her verified complaint and affidavit, setting forth the nonresidence of the defendant, the plaintiff made application to the Honorable George A. Bartlett, judge of said court, for an order for service of the summons by its publication. The court declined to grant the order. Thereupon Emma E. Confer applied to this court

for and obtained an alternative writ of mandamus commanding the respondent court to make said order, or show cause before this court why it had not done so.

In our former opinion, the action of the respondent, in refusing to grant the order, was upheld, and the petition for the writ denied, upon the ground that the complaint of Emma E. Confer did not state a valid cause of action in equity to annul said decree of divorce. The question now presented for decision is, was our decision right or was it wrong? We shall not reiterate the facts stated in the complaint to have the decree annulled, but refer to our opinion, filed on April 6, 1925, and reported in 234 P. 688.

1. The substance of the argument in the petition for rehearing is that this court, in declining to issue the writ of mandamus, has, in effect, decided that a nonresident who could not obtain a divorce in the state of his real residence can establish a temporary residence in Nevada for the period of six months and obtain a divorce against his nonresident wife. It is contended that public policy and the vindication of the law of this state demand that our former decision be righted, if for no other reason than to preserve the integrity of our courts, and thus suppress the evil of granting divorces to those who come into this jurisdiction from all parts of the globe for the sole purpose of obtaining them.

If there were anything in our former opinion, or in any prior opinion of this court, holding or intimating that it is permissible under the law of this state for a person who could not obtain a divorce in the state or country of his or her real residence to establish a temporary residence in Nevada and obtain a divorce, we should gladly overrule the decision.

The object of the legislature in requiring a residence of six months in this state before a divorce can be obtained is apparent. Its purpose is to prevent a fraud upon the law of the state by nonresidents, and is in aid of restricting the dissolution of the marriage status except at the suit of a resident of this state. Hiner v. Hiner, 153 Cal. 256, 94 P. 1044. Six months' residence

stands upon the same footing in law as residence for any longer period ·required for divorce. Residence within the meaning of the statute is discussed and defined in the following cases: Fleming v. Fleming, 36 Nev. 135, 134 P. 445; Worthington v. District Court, 37 Nev. 214, 142 P. 230, L. R. A. 1916A, 696, Ann. Cas. 1916E, 1097; Presson v. Presson, 38 Nev. 203, 147 P. 1081; Aspinwall v. Aspinwall, 40 Nev. 55, 184 P. 810; Blakeslee v. Blakeslee, 41 Nev. 243, 168 P. 950; Walker v. Walker, 45 Nev. 105, 198 P. 433.

It is pointed out in argument that it is the duty of this court, in view of the decisions cited, to construe the statute in respect to residence in divorce actions according to its own light, and not be controlled by the decisions of other courts, criticizing in this connection the cases cited in our opinion. Clark v. Clark, 64 Mont. 386, 210 P. 93, and Orr v. Orr, 75 Or. 137, 144 P. 753, 146 P. 964. We attribute the argument to counsels' misconception of the statute and the point decided in our former opinion, namely, that fraud in alleging or establishing required residence in a divorce action, being a jurisdictional fact, is not available to annul the decree.

It is strenuously insisted that where residence constitutes the basis of jurisdiction, and divorce is obtained by the commission of fraud upon the jurisdiction of the court, it is the duty of the court to vindicate the statute in respect to residence in divorce actions as construed and interpreted in the Nevada cases upon that subject. In answer to this proposition, it is enough to say that the respondent court, in granting a divorce to Nathan A. Confer, actually found that it had jurisdiction of the parties and the subject matter. While the evidence upon which this finding was made is not before us, Nathan A. Confer must have satisfied the court that he was a resident of Washoe County, and we cannot presume that the court failed of its duty in respect to the facts pertaining to that issue.

2. In our former opinion it is pointed out that the allegations in the complaint for divorce in regard to residence stand upon the same footing as any other

allegation of facts showing the right to a divorce. 9 Cal. Jur. sec. 61, p. 695. Mrs. Confer appeared in said action and contested her husband's right to a divorce, and sought affirmative relief. More than a year after the entering of the decree, and after having presumably accepted its benefits, she seeks to have the same annulled, upon the ground of fraud perpetrated by her husband upon the jurisdiction of the court. We are of opinion that the authorities are decidedly against the proposition, and that courts cannot be used in that way. Residence being a jurisdictional fact, the findings thereon are just as conclusive as findings upon any other issue of fact in the case.

In the case of Crane v. Deacon (Mo. Sup.) 253 S. W. 1068, the court said:

"The finding of such facts is res adjudicata unless there is a difference between the finding of jurisdictional facts and any other facts necessary to make out a case. The rule, to which we can find no exception, is that, where it is necessary for a court to find certain facts in pais which give it jurisdiction, the finding of such facts is res adjudicata between the parties, the same as any other facts constituting a cause of action. The courts of this state, in a collateral attack upon a judgment, have made no difference between the facts which confer jurisdiction and any other facts to be determined in the case [citing cases]. Likewise there is no difference in a direct attack upon a judgment between jurisdictional facts and other facts necessary to be proven in support of the cause of action"—citing Bigelow on Estoppel (6th ed.) p. 177; 2 Black on Judgments, sec. 615.

Continuing, the court said:

"This court has applied that doctrine to decrees for divorce. In the case of Richardson v. Stowe, 102 Mo. 33, 14 S. W. 810, a suit to set aside a decree of divorce, it was held that, if the cause of action was vitiated by fraud, it is a defense which must be interposed, and, unless its interposition is prevented by fraud, it cannot be asserted to avoid the judgment. This court in that

case said:   \*   \*   \*   'The decree of divorce was a final determination of every fact set out in the petition in this case as a cause for its vacation, and was a complete answer to it.' "

Continuing, the court said:

"The alleged facts as to jurisdiction were in issue in the divorce case involved here. The defendant was served with a copy of the petition; he appeared in court when the case was tried; he employed an attorney to represent him; the facts were adjudicated by the court as conclusively as any other facts in any case where issue is joined and determined by the court."

The Supreme Court of Missouri has thus emphasized the conclusiveness of the finding of the jurisdictional facts where the party affected had an opportunity to contest them at the trial. The decision is in accord with our former opinion herein in respect to the decree being vitiated by fraud.

It is argued, on the part of Mrs. Confer, that she alleged in her complaint to have the decree annulled that she was without knowledge of the character of her husband's residence at the time of trial; that she was ignorant of his bona fide intentions as to residence; that the facts showing the falsity of the averment in his complaint as to residence were not known to her at the time of trial—yet this court in the face of such averments, erroneously imputed to Mrs. Confer knowledge of such facts, and, in effect, held that she was an actor in the fraud perpetrated upon the court. We stated in the opinion that:

"The allegation of residence was denied by the defendant (petitioner), upon her information and belief. No one, except the plaintiff, knew better than the defendant, petitioner herein, whether the allegation was true or not. The obligation devolved upon her to give the court all the information which she now shows she possessed concerning the fact of the plaintiff's residence."

It is not within the range of reason to assume that when Mrs. Confer denied the fact of plaintiff's residence

upon information and belief she was not advised of what constituted residence, and that residence was a jurisdictional fact to be established by clear and convincing proof. It certainly devolved upon her to at least give the court the benefit of her information, and also the grounds for her belief that Mr. Confer was not a resident of Washoe County. We adhere to the statement made in our former opinion.

3. It is insisted that the demurrer to the petition for the writ of mandamus admits that Nathan A. Confer came to Reno, Nevada, for the express purpose of obtaining a divorce, and that, after establishing a temporary residence in a hotel in the city of Reno for the period of six months, and after obtaining his decree of divorce, he immediately left Nevada and returned to his real residence in the State of Pennsylvania. Hence it is argued that the doctrine of extrinsic fraud has no application. The statute which prescribes six months' residence to obtain a divorce does not require that the plaintiff reside in this state for any specified length of time if he be a bona fide resident for the required period of six months prior to the filing of the complaint. Nathan A. Confer had a legal right, in good faith, to change his place of residence, and the mere showing that he returned to Pennsylvania instead of going to some other state is, in view of his former residence in Pennsylvania, material only as tending to throw light upon his intentions at the time he claimed to have become a resident of Washoe County.

The court, in Holmes v. Holmes, 189 Iowa, 256, 176 N. W. 691, in commenting upon a similar situation, said:

"The court passed upon the question of the good faith of her intentions in the divorce suit, and held that she was a bona fide resident thereof. That she returned to Minneapolis and resumed her former position, shortly after the decree was entered, may tend, to some extent, to indicate that the purpose of her coming to Iowa was to obtain a divorce, but is wholly insufficient alone to justify the court in setting aside the judgment for want

of jurisdiction to enter same, or upon the ground of fraud."

In Whise v. Whise, 36 Nev. 16, 131 P. 967, 44 L. R. A. (N. S.) 689, the court uses the following language:

"The fact, if it be a fact, that Whise moved from the State of Nevada after the rendition of a judgment and the filing of the decree, could not, we think, be considered as newly discovered evidence that would affect the material issues of the case. Residence is a matter of intention, and has been generally so held. Both parties to this action had submitted themselves to the jurisdiction of the trial court, in which court there had been a trial and determination of all the issues, and at the conclusion of the controversy either party had the right to go wherever he or she saw fit."

The facts stated in the petitioner's complaint impel us to the conclusion that the complaint fails to state a cause of action to annul the decree of divorce for want of jurisdiction to enter the same, or upon the ground of fraud.

We therefore deny the petition for rehearing, and adhere to our former opinion and decision.