## LEWIS *v.* LEWIS

No. 2774

March 3, 1928.                                    264 P. 981.

1. DIVORCE—HUSBAND LEAVING AFTER RESIDING IN STATE SIX MONTHS, BUT SUBSEQUENTLY RETURNING, HELD NOT "RESIDENT" SO AS TO GIVE COURT JURISDICTION IN DIVORCE.

Where husband, who had remained in state for over six months, left to accept position, but subsequently returned and three weeks later instituted divorce proceedings against wife, *held*, under Stats. 1923, c. 214, requiring residence in state for not less than six months next preceding commencement of action, that husband was not "resident"; "residence" meaning actual, corporeal presence for statutory time, in view of Rev. Laws, secs. 3609, 3610.

C. J.-CYC. REFERENCES

DIVORCE—19 C. J. sec. 42–43, p. 31, n. 93.

APPEAL from Second Judicial District court, Washoe County; *George A. Bartlett,* Judge.

Suit by Frederick T. Lewis against Augusta C. Lewis. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. **Reversed, and case dismissed.**

*Brown & Belford,* for Appellant:

The court in this case did not have jurisdiction to grant a decree of divorce for the reason that the plaintiff had not been a resident of the State of Nevada for a period of not less than six months *next* preceding the commencement of the action, as provided by chapter 214 of the Statutes of Nevada for 1923, and sec. 5838 of R. L. 1912.

The meaning of the word "resident" is construed both by the courts and by the legislature of this state; by

the legislature in section 3609 of the Revised Laws of 1912; and by this court in the case of Fleming v. Fleming, 36 Nev. 135, 134 Pac. 445, in which the court says in effect that the word "resided" has a plain, unambiguous meaning. The legislature in using this word must have intended it to be construed in this sense. Lewis' Sutherland Statutory Construction (2d ed.), secs. 366-367; Powers v. City of Worcester, 97 NE. 95; Eckerson v. City, 115 NW. 177.

The identical question considered by this court has arisen in other states, with statutes similar to ours, and these courts have held that this positive requirement as to residence must be complied with before the courts acquire jurisdiction of a case. Haymond v. Haymond, 12 SW. 90; Coulter v. Coulter, 100 SW. 1134; Keller v. Keller, 129 SW. 492; Garver v. Garver, 130 SW. 369.

It is a familiar rule, where a statute that has been construed by the courts has been reenacted in the same or substantially the same terms, the legislature is presumed to be familiar with its construction and to have adopted it as a part of the law unless it expressly provides for a different construction. Dalton v. Leland, 135 P. 54; 25 R. C. L. sec. 297; 36 Cyc. 1153; Ex Parte Nowak, 195 P. 402; Powers v. City of Worcester, 97 NE. 95; Tobey v. Kip, 101 NE. 998.

With the construction clear of the word "reside" as used in the main body of the statute of 1923, same construction should be placed upon the word "resident" as used in the proviso thereof. 25 R. C. L. 994, Similar Expressions in Same Statute; James v. City of Newbury, 201 P. 212; Rhodes v. Weldy, 29 NE. 461; Lewis' Sutherland Statutory Construction (2d ed.), sec. 399; 101 S. 574; 36 Cyc. 1150; 36 Cyc. 1132.

This court in the case of Fleming v. Fleming (36 Nev. 135, 134 P. 445) stated very clearly what absences were permissible under the statute.

*Platt & Sanford,* for Respondent:

There is no dispute at all but the plaintiff and respondent was personally and physically present in the city of

Reno, county of Washoe, State of Nevada, for more than six months continuously preceding the filing of his complaint. It needs no argument to urge that under the rational contemplation of the principles of law upon the question of a bona fide residence, that a person may establish a bona fide residence within a particular county and state, and after having done so is quite privileged to travel whenever and wherever he desires without losing his residence for that reason.

The findings of the trial court upon a contested fact in the case are conclusive upon this court. Fleming v. Fleming, 36 Nev. 135, 134 P. 445; Merritt v. Merritt, 160 P. 222; Presson v. Presson, 38 Nev. 203, 147 P. 1081; Blakeslee v. Blakeslee, 41 Nev. 243, 168 P. 951; Miller v. Miller, 37 Nev. 255, 142 P. 218; Walker v. Walker (Nev.), 198 P. 480.

The required residence of the plaintiff in a divorce action is a jurisdictional fact, and must appear to warrant a divorce. The allegation of the residence stands upon the same footing as any other allegation of fact showing the right to a divorce. Confer v. Second Judicial District Court of the State of Nevada, in and for Washoe County, et al., 49 Nev. 18, 234 P. 688.

Residence in contemplation of a divorce statute is a physical act, coupled with a bona fide intention. It is idle to contend that a residence once acquired without any intention of abandoning it, may be lost. There was not only substantial and material evidence for the trial court to base a finding to the effect that the plaintiff was a resident of Reno, Washoe County, State of Nevada, but the evidence to that effect was conclusive.

The case of Fleming v. Fleming, 36 Nev. 135, 134 P. 445, is quite different from the facts in the case at bar. In the Fleming case, during the six months necessary to confer jurisdiction by residence, the plaintiff was away from Reno for three months.

Plaintiff and respondent testified that it was always his definite intention to return to resume his residence at Reno.

The proposition and rule so often laid down by this

court that where the evidence is conflicting, the appellate court will follow the findings of the trial court, is constant if there be any evidence at all upon which to base a finding.

## OPINION

*Per Curiam:*

This suit was instituted by the respondent. From a judgment ·in his favor upon the ground of extreme cruelty and an order denying a motion for a new trial, the defendant has appealed. The parties will be referred to as they were designated in the trial court.

It is contended that the judgment and order should be reversed for two reasons: (1) Because the court had no jurisdiction to render the judgment it did; and (2) because of insufficiency of the evidence.

The first assignment of error is based upon the contention that the plaintiff had not been a resident for a period of not less than six months next preceding the commencement of the suit. Our statute reads:

"Divorce from the bonds of matrimony may be obtained, by complaint, under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided six months before suit be brought, for the following causes: * * * Provided, that, unless the cause of action shall have accrued within the county while plaintiff and defendant were actually domiciled therein, no court shall have jurisdiction to grant a divorce unless either the plaintiff or defendant shall have been a resident of the state for a period of not less than six months next preceding the commencement of the action. The judgment or decree of divorce granted under the provisions of this act shall be a final decree." Stats. 1923, c. 214, p. 389, sec. 22.

It is conceded that the plaintiff had not been physically and corporeally present in the State of Nevada for the period of six months next preceding the commencement

of the suit. It appears, however, that the plaintiff first came to Nevada in August, 1923, and remained in the state for something over six months, returning to New York City, where he accepted a position with one of the large concerns of that city. While he was there, the defendant brought suit against him for separate maintenance. Within a few days after that suit was instituted he left New York and returned to Nevada, and, within three weeks after his return to this state, instituted this proceeding.

The defendant is not and has never been a resident of Nevada, and the alleged cause of action did not accrue therein.

We will first consider the contention that the lower court was without jurisdiction to enter the decree awarding the plaintiff a divorce.

In determining this question we must decide if the word "resident," as used in the section of the statute quoted, means that a plaintiff must be physically and corporeally present in the county in which the action was instituted for the six months' period, as contended by the defendant, or whether, as contended by the plaintiff, the fact that he had once established a residence by such presence, his absence for a time and return three weeks prior to instituting the proceeding was sufficient to constitute him such a resident as is contemplated by the statute.

Our statute defines legal residence as follows:

"The legal residence of a person with reference to his or her right of suffrage, eligibility to office, right of naturalization, right to maintain or defend any suit at law or in equity, or any other right dependent on residence, is that place where he or she shall have been actually, physically and corporeally present within the state or county, as the case may be, during all of the period for which residence is claimed by him or her; provided, however, should any person absent himself from the jurisdiction of his residence with the intention in good faith to return without delay and continue his

residence, the time of such absence shall not be considered in determining the fact of such residence." Rev. Laws, 3609; Stats. 1911, p. 318.

This section seems clear enough, especially when we take into consideration the history of the legislation upon the subject and its purpose. It does not, by express terms, repeal, amend, or qualify section 3610 of the Revised Laws (Stats. 1889, p. 61), and what its full import is we need not determine. Both sections are incorporated in the revision of 1912, which was compiled by the then justices of this court. It is certain, however, that one purpose was to so enlarge the definition or scope of "residence" as to extend it to persons whose right to maintain or defend any suit at law or in equity depends upon his residence. So far as occurs to us at the moment, a nonresident may maintain an action in the courts of this state in any kind of action except in a divorce suit. Those of us who resided in the state at the time of the passage of the 1911 act (Rev. Laws, 3609 ) recall the reasons for its adoption. They need not be stated here, save to say that one purpose was to compel an actual, corporeal presence in the county for a period to six months prior to the institution of a divorce action (Presson v. Presson, 38 Nev. 203, 147 P. 1081) by those who came to the state to establish a residence for the purpose of instituting divorce proceedings. It was not aimed at those who were permanent residents of years standing.

Residence, as contemplated by our statutes, for the purpose of maintaining a divorce suit, was defined in Presson v. Presson, supra. Subsequent to the rendition of the opinion in that case the amendment of 1923 was adopted. That statute, like all statutes, must be construed and applied in the light of the purpose sought to be attained. State v. Brodigan, 37 Nev. 245, 141 P. 988; Escalle v. Mark, 43 Nev. 173, 183 P. 387, 5 A. L. R. 1512. Let us then inquire, what was the purpose of the amendment of 1923? For a full understanding of the situation let us briefly review the history of divorce legislation in this state. The divorce law of 1861, which provides for

a six months' residence as a necessary prerequisite to jurisdiction, remained substantially unchanged and unexploited until an · enterprising lawyer from New York, who, realizing its possibilities, became admitted to the bar of this state and capitalized its liberality. See In Re Schnitzer, 33 Nev. 581, 112 P. 848, 33 L. R. A. (N. S.) 941. The abuses which were thereafter practiced led to much outside criticism, and a great deal of discontent within the state, leading to subsequent amendments. The amendment of 1923 was the result of a movement which had as its object an amendment providing for the entry of an interlocutory decree, and a final decree six months thereafter, which was inaugurated by an initiative petition. There was much opposition to the amendment thus proposed, and when it was submitted to the legislature for its consideration, that body refused to pass it and submitted to the voters a substitute measure, as pointed out in Tesoriere v. Second Judicial District Court, 50 Nev. 302, 258 P. 291, and it was in this proposed amendment, which was adopted, that the provision in question was incorporated. All of the recent legislation was aimed at those who had come or might come into the state with a view of establishing a residence for divorce purposes. This is a fact well known by all who kept reasonably informed on the current events of the day. This is also manifested from the proviso above quoted, which is the only change made in our divorce law as it existed at the time of its adoption. This is obvious from the language:

"Unless the cause of action shall have accrued within the county while plaintiff and defendant were actually domiciled therein."

The clear purpose of the amendment was to put an aggrieved party whose cause of action had arisen in the county in a different position from one who relied upon a cause of action which had arisen elsewhere, as to the necessity of corporeal presence for the six months next preceding the commencement of the action. In other words, it is the evident purpose of the language not to require an aggrieved party, whose cause of action arose

in the state, to be corporeally present during the entire six months next preceding the commencement of the action, but to require it of one whose cause of action did not so arise. No other intelligent construction can be put upon this amendment.

The word "residence" in the amendment in question must receive the construction which was given it by this court in Presson v. Presson, supra, which held that not only good faith but actual corporeal presence was necessary to the establishment of such a residence as would give a court jurisdiction to grant a divorce. We reach this conclusion both from a consideration of the purpose sought by the amendment and from the further fact that the word must be deemed to have been used in the amendment in the light of the construction placed upon the word in Presson v. Presson. In Gould v. Wise, 18 Nev. 253, 3 P. 30, it was held that when the words "carry on" had been construed by the federal court and the statute was thereafter reenacted, such construction must be presumed to have been accepted. In that case the court said:

"It has frequently been held that the reenactment of a statute without substantial alteration, after an authoritative construction has been placed upon it, is a legislative adoption of the construction. The cases in which the rule is announced are generally those in which the construction has been given by the highest court of the state; no case has fallen under our notice in which the construction was given to a statute of the state by the courts of the United States. The rule is based upon the presumption that the legislature knew of the construction."

Such is the well-recognized rule. 25 R. C. L. p. 1075, sec. 297; Ex Parte Nowak, 184 Cal. 701, 195 P. 402; Tobey v. Kip, 214 Mass. 477, 101 NE. 998.

Having reached the foregoing conclusion as to the question of jurisdiction, it is unnecessary to determine the question as to the sufficiency of the evidence.

It is ordered that the judgment and order appealed

from be reversed and that the case be dismissed, at the cost of the plaintiff.

## ON PETITION FOR REHEARING

May 16, 1928.

*Per Curiam:*

Rehearing denied.