## Vetter's Estate.

*John M. Abbott* and *Earl E. Thompson*, for exceptant.
*Robert W. Archbald, Jr.,* and *Frederick L. Breitinger*, contra.

SINKLER, J., December 31, 1931.—The facts in the present case are set forth in the opinion of Gest, J., filed November 7, 1930, as well as in the report and second supplemental report of the auditor. A further recital thereof is, therefore, not necessary.

The original finding of the auditor was to the effect that the divorce obtained by the petitioner, Rose Van Dusen, in Reno, Nevada, was void for want of jurisdiction by reason of the residence established by her not being bona fide. In behalf of the guardian *ad litem* of her minor children, it was

urged before the auditor that the divorce was also void because it was obtained through collusion. The auditor in his report found that the divorce relied on by the petitioner could not be availed of by her for the purpose of terminating the trust because the Nevada court was without jurisdiction of the subject matter, the petitioner having established a residence at Reno solely for the purpose of obtaining a divorce with the intention of returning to her home in California. This intention was carried out. The auditor, therefore, found it unnecessary to consider the other questions raised by counsel for the guardian *ad litem*. Before the first report had been filed, testimony was introduced before the auditor to show that the divorce proceeding had been instituted solely for the purpose of terminating the trust. Edwin D. Frock, a former partner of the petitioner's husband, testified that her husband had expressed to the witness disappointment over the contents of Casper Vetter's will, consulted counsel and told the witness that he and the petitioner had been advised to obtain a divorce and that they intended to remarry after the petitioner had obtained her share of the estate. The witness further testified that the petitioner herself also mentioned the contemplated plan of securing a divorce to obtain the money. Mrs. Margaret Edwards testified that she had a talk with the petitioner about the will after the testator's death; that the petitioner thought the will very unfair and said she knew how to get around the will so that she could come into the money. She testified that petitioner said to her: "I can get a divorce from Charles and after I come into my part of the will I will marry him again."

The decision of this court after the argument upon the exception to the auditor's report is set forth in the opinion of Gest, J., above referred to. The testimony of Edwin D. Frock and Mrs. Margaret Edwards is commented upon, also the effort of counsel for the guardian *ad litem* to produce further testimony as to the bona fides of the petitioner's residence and collusion with her husband in obtaining the divorce.

By reason of the ruling of the auditor that the real question before him was whether the Nevada court had jurisdiction, and, having found that it had not, that the question of collusion was irrelevant, the report of the auditor was recommitted to him in order that he might receive the additional testimony, make his findings of fact and rule explicitly thereon in a supplemental report.

Further hearings were held before the auditor, additional testimony was produced before him, and his findings of fact and conclusions of law are set forth in his second supplemental report.

The stepbrother and half-sister of the petitioner appeared before the auditor and both testified substantially to the same effect. The petitioner was disappointed with the provisions made for her by her father's will, said that she would get the money by fair means or foul, even if it cost her every drop of blood in her body, and she intended to accomplish her purpose by getting a divorce and remarrying her husband after she had gotten the money.

After the report of the auditor had been recommitted to him, a petition was filed in this court, to which an answer was filed, for a citation to show cause why a commission should not be issued to take the testimony of petitioner then residing in California. In an opinion and order filed and reported in 15 D. & C. 218, the petition was refused. The petitioner was given an opportunity to appear further before the auditor and failed to do so.

The auditor again discusses at length the decisions relating to the question of jurisdiction, and comes to the conclusion that under the authorities the merits of the case are concluded when the court has jurisdiction. He, therefore, finds that since he adheres to his former conclusion that there was no

jurisdiction, any finding on the subject of collusion is irrelevant. If the Nevada court was without jurisdiction, that, he says, is the end of the matter. If, he continues, the Nevada court had jurisdiction, to refuse to give effect to its decree would violate the full faith and credit clause of the Constitution.

Whether or not there was fraud and collusion perpetrated upon the Nevada court in obtaining the divorce and whether or not this court can inquire into that fact, it is competent for this court to determine whether fraud has been practiced in the proceeding brought in this court to terminate the trust. The uncontradicted evidence of four witnesses satisfies us that the petition for the termination of the trust was filed as the first step in an attempt to commit a barefaced fraud upon this court.. We are satisfied that the divorce was obtained solely for the purpose of terminating the trust. This court will not countenance such a proceeding, nor will it lend its aid to defeat the manifest intention of the testator through reliance upon a proceeding brought solely for the purpose of defeating such intention.

The exceptions filed by the petitioner to the second supplemental report of the auditor, all save one, the ninth, relate to the finding that the court of Nevada was without jurisdiction and his recommendation that the petition for the termination of the trust be dismissed. These exceptions are dismissed on the ground that the court of Nevada had no jurisdiction because of lack of bona fide residence on the part of libellant. It has been repeatedly held by the Nevada courts that residence for the statutory period solely for the purpose of obtaining a divorce is insufficient to confer jurisdiction. A bona fide residence with the intention of remaining must appear: Fleming v. Fleming, 36 Nev. 135; Presson v. Presson, 38 Nev. 203 (1915); Lewis v. Lewis, 50 Nev. 419 (1928). The conclusions of law reached by the auditor upon this subject are correct. It is not necessary further to cite the authorities which he has so fully set forth in his first report and second supplemental report, many of which are also cited in the opinion of Gest, J.

The ninth exception relates to the admission in evidence by the auditor of the testimony of Margaret Edwards, Anne Vetter, Alphonse Vetter and others, concerning statements made to them by the petitioner on the ground that the evidence did not pertain to jurisdictional facts and was not admissible to show collusion. The evidence is admissible to show lack of good faith both in establishing a residence in Reno for the purpose of obtaining a divorce and in the proceeding in this court. This exception is, therefore, dismissed.

Exceptions were also filed to the second supplemental report in behalf of the guardian *ad litem* of the minor children of the petitioner. Among the grounds for these exceptions is that the divorce had been obtained by falsely representing the facts and for the purpose of ostensibly performing the condition in the will of Casper Vetter, which is alleged to be a fraud on the parties whose interests are thereby defeated. These exceptions are sustained, not on the grounds alleged, but because the proceeding in this court is based upon a fraud on the part of the petitioner in her effort to have the trust terminated.

The petition for the termination of the trust is dismissed (1) upon the ground recommended by the auditor, that is, lack of jurisdiction of the Nevada court in the proceedings by the petitioner to obtain a divorce, and (2) upon the further ground that fraud exists in the proceeding in this court.

Counsel for the petitioner in this proceeding were not retained until after the entry of the decree in divorce of the Nevada court. Therefore, no impropriety is to be found in their having appeared as counsel in this proceeding upon a state of facts already existing.

The seventh and eighth exceptions of the guardian *ad litem* are sustained for the reasons above stated, all other exceptions are dismissed, the auditor's report and supplemental reports are confirmed, and the petition of Rose Van Dusen is dismissed.