JANETTE R. BLOUIN, APPELLANT AND DEFENDANT, *v.* EMILE B. BLOUIN, JR., RESPONDENT AND PLAINTIFF.

No. 3553

May 12, 1950.                    218 P.2d 937.

*Clarence M. Hawkins,* of Auburn, California, and *George E. McKernon,* of Reno, for Appellant.

*Frank B. Gregory* and *W. E. Baldy,* both of Carson City, for Respondent.

## OPINION

By the Court, BADT, J.:

This appeal raises the sole question of the necessity of including in the plaintiff's allegation of residence in a divorce complaint the statement that the plaintiff has "been actually, physically and corporeally present within the state" for the necessary period. The particular question grows out of the fact that in the instant case the plaintiff's amended complaint alleged that plaintiff, for the statutory six weeks period, "has been and now is an actual and bona fide resident of the County of Churchill, State of Nevada, and said county has been plaintiff's domicile during all of said time."

Section 9460, N.C.L., Vol. 2, 1931–1941 Supp., provides in part: "Divorce from the bonds of matrimony may be obtained by complaint, under oath, to the district court of any county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, or in which the parties last cohabited, or if plaintiff shall have resided six weeks in the state before suit be brought, for the following causes, or any other causes provided by law: * * *."

The statutory definition of legal residence is found in sec. 6405, N.C.L.1929, and reads in part as follows: "The legal residence of a person with reference to his or her right of suffrage, eligibility to office, right of naturalization, right to maintain or defend any suit at law or in equity, or any other right dependent on residence, is that place where he or she shall have been

actually, physically and corporeally present within the state or county, as the case may be, during all of the period for which residence is claimed by him or her * * ."

Appellant contends that under this statute "physical and corporeal presence within the state is a necessary, essential, ultimate fact to be pleaded." In support of this contention appellant cites: Presson v. Presson, 38 Nev. 203, 205, 147 P. 1081; Lewis v. Lewis, 50 Nev. 419, 264 P. 981, 267 P. 399; Fleming v. Fleming, 36 Nev. 135, 142, 134 P. 445; Tiedemann v. Tiedemann, 36 Nev. 494, 495–498, 137 P. 824; Lamb v. Lamb, 57 Nev. 421, 65 P.2d 872.

■■ An examination of the opinions in those cases indicates conclusively that the words "actual," "physical," "corporeal" and "bodily" are deemed by this court to be synonymous terms. In the Fleming case the court emphasizes the necessity for *actual* residence a number of times and treats it as synonymous with *physical presence*. The court then refers to the contemplation of the statute as requiring *"actual residence; that is, physical corporeal presence."* [36 Nev. 135, 134 P. 447.] The wording of the opinion in the Fleming case is quoted in the Tiedemann case. The Fleming case and the Tiedemann case are both discussed in the Presson case, which however was mainly devoted to the consideration of the bona fides of the residence, including the *animus manendi*. In the Lewis case the court first couples the words *"physically and corporeally* present," although elsewhere quoting the statutory words *"actually, physically and corporeally* present." The court then says that the purpose of the act, now N.C.L., sec. 6405, was to compel an *"actual, * * * corporeal* presence." Later in the opinion the necessity of *"corporeal presence"* is likewise used in its reference to the Presson case. In the Lamb case it was stated that proof of plaintiff's *"physical presence"* for the statutory period was necessary. The court also approved an instruction to the jury which required proof that the plaintiff had been *"actually, physically and corporeally* present" in the state for the statutory period,

and referred again to the plaintiff's *"required corporeal presence"* and also to the *"period of physical presence"* required.

It is clear that this court has consistently used the terms "actual," "physical" and "corporeal" interchangeably and as of synonymous meaning in its consideration of residence requirement for divorce cases. A reference to the standard dictionaries confirms the correctness of this view. An etymological study of the words ("actual" and "corporeal" coming to us directly from the Latin, "physical" from the Greek through the Latin, and "bodily" from the Anglo Saxon) serves only to strengthen this view. But an exposition of such study, interesting though it might be, is unnecessary in the light of the synonymous use of the terms as consistently made by this court. Counsel for respondent drolly suggest that, except for the emphasis added by the use of the synonyms, sec. 6405, requiring actual physical and corporeal presence to constitute residence in the state, might as well have defined the place where the plaintiff "shall have been bodily, bodily and bodily present," etc. We are more than half inclined to agree.

By reason of orders heretofore made by this court striking numerous documents from the record as not embodied in a settled bill of exceptions, 66 Nev. 137, 206 P.2d 608, the appeal is before us on the judgment roll alone and is restricted to the point discussed. Perhaps unfortunately, the merits of the appeal cannot be reached. Final submission of the appeal has been subject to many delays, reluctantly consented to by respondent. The oral argument for final submission of the case on May 9 was set by order of this court on the calling of its regular calendar on April 3, 1950, and counsel for all parties notified. Without notice of any kind either to opposing counsel or to this court, counsel for appellant failed to appear for oral argument and, after listening to respondent, the court ordered the appeal submitted.

■ Appellant's closing brief raises for the first time an additional assignment of error. This we have declined to consider. Section 9385.93, N.C.L., vol. 2, 1931–1941

Supp., requires the appellant, in his opening brief, to state his points and such errors as he shall rely on. The record also discloses that on September 20, 1948, appellant, following a procedure not contained in our present statutes, filed an "assignment of errors." This document contained sixteen separate assignments, none of which called the attention of the court to the particular point raised in appellant's closing brief.

Finding no error in any matter properly presented to this court for determination, the judgment must be affirmed with costs, and it is so ordered.

HORSEY, C. J., and EATHER, J., concur.