THE STATE OF NEVADA ON THE RELATION OF
DEAN MECK HOFFMAN, II, RELATOR, *v.* THE
SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA AND THE HONORABLE
A. J. MAESTRETTI, JUDGE THEREOF, RESPOND–
ENTS.

No. 3671

June 15, 1951.                                        232 P.2d 397.

*Louis Mead Dixon,* of Reno, for Relator.

*Sullivan & Sullivan,* of Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an original proceeding in prohibition challeng-
ing jurisdiction of respondent court to proceed with an
action for divorce.  The sole question presented is
whether, under our statutes, accrual of the cause of

action for divorce within the county confers jurisdiction for divorce in the absence of residence by the parties.

On March 5, 1951, a suit for divorce was filed before respondent court by Georgia R. Hoffman, wife of relator. Paragraph one of the complaint alleges as follows:

"That the plaintiff is now and ever since the 24th day of January, A. D., 1951, has been an actual, bona fide resident of the County of Washoe, State of Nevada, and during all of said time has been physically present and actually domiciled in said County of Washoe, State of Nevada and now so resides and is so domiciled therein.

"That the said cause of action hereinafter stated accrued in said County of Washoe, State of Nevada."

It will be noted that the residence of the plaintiff as alleged, falls short of six weeks and that no allegation of residence or domicile of the defendant is made.

On March 28, 1951, relator as defendant demurred to the complaint on the ground "that the court has no jurisdiction of the person of the defendant, or the subject of the action." On April 19, 1951, the demurrer was overruled by respondent court and relator allowed 18 days to answer or otherwise plead. Relator then applied to this court for writ of prohibition and upon our order an alternative writ was issued.

Sec. 9460, N.C.L.1929, Supp. 1931–1941, provides in part as follows (with emphasis supplied):

"*Divorce from the bonds of matrimony may be obtained by complaint, under oath, to the district court of any county in which the cause therefor shall have accrued,* or in which the defendant shall reside or be found, or in which the plaintiff shall reside, or in which the parties last cohabited, or if plaintiff shall have resided six weeks in the state before suit be brought, for the following causes, or any other causes provided by law: * * * [Then follows a statement of eight causes of action.] * * * Unless the cause of action shall have accrued within the county while plaintiff and defendant were actually domiciled therein, no court shall

have jurisdiction to grant a divorce unless either the plaintiff or defendant shall have been resident of the state for a period of not less than six weeks preceding the commencement of the action."

It is contended by respondents that the emphasized portion of this section confers the necessary jurisdiction and is controlling. Relator contends that the latter portion of the section controls and that no jurisdiction can be acquired through accrual of the cause of action within the county unless both parties were then domiciled therein.

We feel it is clear that the latter portion of the section as quoted must be held controlling. Worthington v. District Court, 37 Nev. 212, 142 P. 230, L.R.A. 1916A 696, Ann.Cas. 1916E 1097. To hold otherwise, considering the scope covered by the several alternatives stated in the forepart of the section, would be to render substantially meaningless the statutory requirement of six weeks residence as a jurisdictional prerequisite to suits for divorce. In the light of the legislative history of this requirement as frequently reviewed in opinions of this court, it is apparent that such a result cannot have been intended by the legislature. See: Lewis v. Lewis, 50 Nev. 419, 264 P. 981, 267 P. 399.

It is held that no jurisdiction for divorce can be acquired through accrual of the cause of action within the county unless both parties were then actually domiciled therein; that respondent court in proceeding under the complaint in question has exceeded its jurisdiction. It is ordered that a peremptory writ of prohibition issue absolutely restraining respondents from further proceeding in said action for divorce.

BADT, C. J., and EATHER, J., concur.