LEON R. PHILLIPS, APPELLANT, *v.* CHARLES D. MERCER, RESPONDENT.

No. 8988

May 23, 1978                                 579 P.2d 174

---

*Guild, Hagen & Clark, Ltd.,* and *Bruce Robb,* Reno, for Appellant.

*Cooke, Roberts & Reese,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from a judgment requiring appellant to pay

respondent fifty percent (50%) of the net profits to be derived from the future sale of the Sundance Lodge, and also awarding respondent a money judgment and court costs totaling $2,912.52 over and above appellant's counterclaims.

In 1973 respondent, Charles Mercer, leased and operated a business known as the Sundance Lodge. Mercer also held an option to purchase the lodge from Bonanza Laboratories, Inc. In August, 1973, Mercer granted appellant, Leon Phillips, the right to exercise his option in exchange for an oral promise to pay Mercer 50 percent of the net proceeds over base price of $102,000 on any future sale of the lodge. After Phillips exercised the option, he leased the premises back to Mercer. However, Phillips refused to sign any document acknowledging his prior promise.

In November, 1974, Mercer decided to leave the business. He was deeply in debt, and had failed to pay his November rent. In December, 1974, Phillips began to operate the lodge. Mercer subsequently returned to retrieve his personal property. After discussion, the parties entered into an agreement wherein Phillips agreed to rent certain items of Mercer's property, and to pay Mercer's debts on two notes and a contract with a supplier. The agreement also memorialized their prior oral understanding.[1]

In March, 1975, Phillips failed to pay the $1,500 rent when due, and Mercer repossessed his equipment as provided in the contract. Mercer then brought suit to enforce the remaining provisions of the contract, and collect damages. Phillips

---

[1]The agreement provides:

I Leon R. Phillips agree to rent equiptment [sic] to be of all bar, motel and cafe counter stools, and snow removal blade.
Within agreement of the following stipulations:     (1) Rent per year $3,000.00
    A.   1st payment March second, 3/2/75 $1,500.00.
    B.   Rent for 2 concective [sic] years.
    C.   Rent payments $1500.00 @ 6 months from 12/17/74-12/17/76.
  (2) Insurance to be carried in amount of $12,000.00
  (3) Care & repair at Leon R. Phillips expense
  (4) No liens, on said epuiptment [sic]
  (5) No taxes levied on said equiptment [sic].
  (6) No attorney fees or court cost to be suffered by Charles D. Mercer in any event.
  (7) Failure—Charles D. Merce [sic] to axecute [sic] repossession of all said equiptment [sic].
  (8) Payment of $100.00 per month to Florence Campbell for Charles D. Mercer
  (9) Payment of $50.00 per mont [sic] to Mary A. Machado for Charles D. Mercer
  (10) Equiptment [sic] payments of $12.50 per case to be paid to Bar Services Inc. for Charles D. Mercer.
  (11) In the event building is sold, or property, Charles D. Merce [sic] to recieve [sic] 50% of net profit of business venture of said property know [sic] as Sundance Lodge, 9000 Mt. Rose Hwy. Reno Nevada.
    A.   Property and building at base price $102,000.00 plus closing cost $1,800.00
                                   2/17/74
*Witness*
Vincent J. Connallo       Leon R. Phillips       Charles W. Mercer

counterclaimed for various items not relevant to this discussion. After considering each of the party's claims, the district court granted judgment in favor of Mercer as set forth above.

1. Appellant first claims Mercer's act of repossession was an election of remedies which precluded an action for damages under the contract. We need not decide the issue. As respondent correctly notes, election of remedies is a defense in avoidance, which must be affirmatively pleaded. *See* NRCP 8(c); Second Baptist Ch. v. First Nat'l Bank, 89 Nev. 217, 510 P.2d 630 (1973). Where it is not pleaded, such a defense will be recognized only if it is litigated with the express or implied consent of the parties. *See Ibid.;* NRCP 15(b). In the instant case, from review of the record, it does not appear that such an issue was addressed by the parties and litigated before the court in any manner which could cause us to determine it error not to consider the issue. Moreover, assuming that the record arguably contains some evidence suggesting an election of remedies by respondent, it is certainly not so strong as to impel a finding of that unpleaded defense as a matter of law.[2]

2. Appellant alternatively contends repossession was the exclusive remedy contemplated by the parties. When parties to a contract prescribe a remedy, a presumption arguably exists that the parties intended the remedy to be exclusive; however, use of such a presumption has generally been confined to cases in which the specified remedy provided for liquidated damages in lieu of other rights normally incident to a contract. *Cf.* Green v. Snodgrass, 289 P.2d 191 (Ariz. 1955); Dillard Homes, Inc. v. Carroll, 152 So.2d 738 (Fla. 1963). Here, we think the district court was entitled to find from the evidence, and from the contract as a whole, that repossession was not the only remedy contemplated. Provisions of the contract appear severable. Appellant was obligated to perform more than just his rental obligation. He was to make payment on respondent's notes, and divide 50 percent of any net profits on resale of the Sundance Lodge. A court should not interpret a contract so as to make meaningless its provisions. *Cf.* Mohr Park Manor, Inc.

---

[2]Appellant notes that he did affirmatively plead estoppel, but we will not construe this plea as serving notice upon the district court of an election of remedies defense. While two defenses may have a similar theoretical base, *see* Modoc Mineral & Oil Co. v. Cal-Vada Drilling & Exp. Co., 46 Cal.Rptr. 508 (Cal.App. 1965); Lenard v. Edmonds, 312 P.2d 308 (Cal.App. 1957), each defense requires proof of different elements. *Compare Second Baptist,* cited above (elements of an election of remedies defense) *with* A.L.I., *Restatement of Contracts,* § 90 (1932) (estoppel).

v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967). Extending appellant's argument to its logical conclusion, he could effectively be relieved of his other obligations by simply defaulting on the rent portion of the agreement. We therefore perceive no error by the district court in allowing respondent to recover damages incident to appellant's default, the remedy of repossession not being exclusive.

3. Appellant additionally claims the district court erred by declaring the final clause of the contract enforceable. This issue, raised for the first time in appellant's reply brief, will not be considered on appeal. Blouin v. Blouin, 67 Nev. 314, 218 P.2d 937 (1950).

4. Finally, appellant claims he did not breach the contract by failing to make the March rental payment, because he was entitled to set-off amounts owed by respondent to him. Our review of the record reveals, however, that this issue was not specifically addressed at trial. Instead, appellant presented evidence to show respondent's alleged breach by not supplying all items of equipment agreed to under the contract. In any event, it is impossible to determine from the record exactly what amounts were due and owing by the parties on March 2, 1975. We cannot determine whether appellant's claims on March 2 were in fact greater than his obligations due under the contract. Therefore, we perceive no error by the district court in not deciding the issue as now proffered. *Cf.* Worthington Motors v. Crouse, 80 Nev. 147, 390 P.2d 229 (1964).

Affirmed.[3]

[3]Mr. Justice Thompson voluntarily disqualified himself from participation in this matter. The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Howard W. Babcock, Judge of the Eighth Judicial District Court, to sit in his stead.