# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISICPLINE OF GERALDINE KIRK-HUGHES, BAR NO. 3444.

No. 68880

FILED

DEC 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION AND REMAND*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for discipline regarding attorney Geraldine Kirk-Hughes. After a hearing, the panel found that Kirk-Hughes violated RPC 1.8(a) (conflict of interest: current clients), RPC 1.15 (safekeeping property), RPC 8.1(a) (bar admission and disciplinary matters), and RPC 8.4(a) and (c) (misconduct; conduct involving dishonesty, fraud, deceit or misrepresentation) based on her failure to inform a client of a conflict of interest, her failure to safeguard client property, her inaccurate responses to the State Bar during its investigation into these matters, and facilitating the hiding and misappropriation of money from a vulnerable victim. The panel found eight aggravating factors (prior disciplinary offenses; dishonest or selfish motive; a pattern of misconduct; multiple offenses; submission of false evidence, statements, or other deceptive practices during the disciplinary proceedings; refusal to acknowledge wrongful nature of conduct; vulnerability of victim; and substantial experience in the practice of law) and one mitigating factor (the delay in the disciplinary proceedings). Ultimately, the panel recommended a six-year suspension and that Kirk-

17-42450

Hughes pay the costs and staff salaries associated with the disciplinary proceeding.

The disciplinary proceeding grew out of three separate grievances. In the first grievance, J.K., a struggling alcoholic, became acquainted with and married a woman who was the daughter of a real estate agent in Kirk-Hughes' real estate firm. J.K.'s wife exerted control over J.K.'s assets and hired Kirk-Hughes to assist her. During the marriage, J.K. gave Kirk-Hughes $400,400 to be held in trust for future real estate purchases. Kirk-Hughes then aided J.K.'s wife in deceiving J.K. to sign a power of attorney giving the wife control over his money, the money held in trust by Kirk-Hughes, and a half-million dollar tax refund J.K. had no knowledge of. Kirk-Hughes also used J.K.'s money for her own benefit, including to improve a real estate project she was part owner of, without written permission. During the investigation of J.K.'s grievance, Kirk-Hughes provided inaccurate accountings of J.K.'s money multiple times.

In the second grievance, Kirk-Hughes persuaded her client C.W. to leave approximately $121,000 in trust with her while he looked for a home to purchase. Kirk-Hughes made numerous unauthorized transfers of that money and, when C.W. demanded his money back, Kirk-Hughes stated he owed more than $20,000 in attorney fees, despite not having sent C.W. any bills. Kirk-Hughes denied any mismanagement of C.W.'s funds.

In the final grievance, DCP Services, LLC, alleged that Kirk-Hughes failed to timely release funds to pay four medical liens DCP held against Kirk-Hughes' clients. In responding to the State Bar's investigation, Kirk-Hughes misstated how long the funds to resolve the liens had been in her trust account. Also, the State Bar discovered that

Kirk-Hughes had an additional trust account that she had not reported as required.

Rather than focus on the violations alleged and found, Kirk-Hughes devotes much of her briefing to procedural issues including but not limited to the subpoenas the State Bar issued to the banks where Kirk-Hughes maintained her trust accounts. Kirk-Hughes asserts that, under NRS 239A.100(a), the State Bar was required to serve her with copies of the subpoenas. At oral argument, the State Bar responded that service was not required under NRS 239A.070(6), which creates an exception to NRS 239A.100(a)'s service requirement for regulatory agency subpoenas. The State Bar did not cite or discuss NRS 239A.070(6) in its opposition brief because Kirk-Hughes did not raise her NRS 239A.100 challenge until she filed her reply brief. An issue not raised in an appellant's opening brief is waived because, as this case illustrates, it deprives this court and the respondent of the opportunity to fully address the issue. *See Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978). Kirk-Hughes' citation of NRS 239A.100 in her motion practice to this court, after the filing of her opening brief, does not change our conclusion that she waived the NRS 239A.100 challenge made in her reply brief. We also note that Kirk-Hughes stipulated to the admission of the bank records. *See Second Baptist Church v. Mount Zion Baptist Church*, 86 Nev. 164, 172, 466 P.2d 212, 217 (1970) ("[V]alid stipulations are controlling and conclusive and both trial and appellate courts are bound to enforce them."). Similarly, having considered Kirk-Hughes' remaining arguments regarding the withholding of evidence, the violation of her right to confront witnesses, and numerous procedural and constitutional issues with the disciplinary process and hearing, we conclude that they either lack merit, are not supported by relevant legal

authority, or were waived by not raising and/or entering into inconsistent stipulations respecting them before the hearing panel. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

On the merits, the State Bar has the burden of showing by clear and convincing evidence that Kirk-Hughes committed the violations charged. SCR 105(2)(f); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and will not set them aside unless they are clearly erroneous or not supported by substantial evidence. *See generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

Turning first to RPC 1.8(a), Kirk-Hughes asserts that 1.8(a) prohibits an attorney from entering into a business transaction with a client without first obtaining written consent and that she could not have violated this rule in her dealings with J.K. because she did not have an attorney-client relationship with him. But the panel did not premise its finding that Kirk-Hughes violated 1.8(a) on a finding that J.K. was Kirk-Hughes' client. Rather, the 1.8(a) violation is based on Kirk-Hughes' attorney-client relationship with J.K.'s wife—a relationship that Kirk-Hughes does not dispute.[1] Substantial evidence supports the finding that Kirk-Hughes

---

[1]Kirk-Hughes complains that her due process rights were violated because the State Bar complaint based the 1.8(a) violation on an alleged attorney-client relationship with J.K. but that the hearing panel's ultimate recommendation based the violation of RPC 1.8(a) on an attorney-client

violated duties owed to J.K.'s wife as a result of that attorney-client relationship because Kirk-Hughes spent money entrusted to her on her real estate project without obtaining written consent from J.K.'s wife. *See* RPC 1.8(a). Based on this conclusion, we need not, and do not, decide whether Kirk-Hughes had an attorney-client relationship with J.K.

Assuming for the sake of argument that J.K. was not Kirk-Hughes' client, the remaining charges concerning J.K. still stand. RPC 1.15 requires an attorney to safeguard funds of "clients *or third parties*" (emphasis added). Thus, Kirk-Hughes' failure to safeguard money that J.K. entrusted to her violates RPC 1.15 whether J.K. was her client or not. RPC 8.1(a) addresses Kirk-Hughes' duty to provide accurate information to the State Bar in the course of a disciplinary proceeding and does not require an attorney-client relationship to support a violation. Substantial evidence supports that Kirk-Hughes provided inaccurate reports to the State Bar regarding the funds she held for J.K., which establishes the 8.1(a) violation. RPC 8.4(a) and (c) focus on misconduct that can involve, but does not require, an attorney-client relationship: RPC 8.4(a) makes it misconduct to violate or attempt to violate the rules of professional conduct, personally or through the acts of another, or to assist another in doing so; and RPC 8.4(c) makes it a violation to engage in conduct "involving dishonesty, fraud, deceit, or misrepresentation." The record establishes, as the panel found, that Kirk-Hughes violated Rule 8.4(a) and 8.4(c) "by assisting and counseling [J.K.'s wife] in the perpetration of a fraud upon [J.K.] to deprive him of money and property."

---

relationship with J.K.'s wife. Because this argument was not cogently argued or supported by relevant legal authority, we decline to address it. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38.

Substantial evidence also supports the panel's findings that, in her dealings with C.W. and DCP, Kirk-Hughes violated RPC 1.15 (safekeeping property); RPC 8.1(a) (bar admission and disciplinary matters); and RPC 8.4(a) and (c) (misconduct). The evidence demonstrates that Kirk-Hughes failed to keep safe funds that these clients entrusted to her, she provided inaccurate accountings to the State Bar regarding her trust funds in an attempt to hide her misconduct as to C.W.'s funds, and she committed misconduct by misappropriating C.W.'s funds and hiding that fact from C.W. Accordingly, we agree with the hearing panel that Kirk-Hughes committed the violations as set forth above.

The panel recommends a six-year suspension for the foregoing violations. Though persuasive, the hearing panel's recommendation is not binding and we review the proposed form of discipline de novo. SCR 105(3)(b); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The discipline should be "consistent with the sanction for the most serious instance of misconduct." ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards (Standards)* 452 (2016).

In this case, the most serious instance of misconduct was Kirk-Hughes' trust account mismanagement and using client and third-party funds for her own benefit. By knowingly misappropriating and misusing the funds entrusted to her, Kirk-Hughes violated duties owed to those who trusted her with their money, which resulted in serious injury, especially

for J.K. *Cf. id.*, Standard 4.12.[2]  Kirk-Hughes also has a lengthy disciplinary history comprising seven prior disciplinary sanctions, including a ninety-day suspension, and she refuses to acknowledge any misconduct in regard to her actions. When considering this, along with the six other aggravating factors and one mitigating factor, we agree that a suspension is warranted. *See id.*  We do not agree, however, with the panel's recommended period of suspension as it is not consistent with prior discipline imposed in cases involving similar misconduct. *See id.*, Standard 1.3 (promoting "consistency in the imposition of disciplinary sanctions for the same or similar offenses"). Rather, we conclude that a four-year suspension is sufficient to protect the public and the legal profession. *In re Discipline of Lerner*, 124 Nev. at 1246, 197 P.3d at 1077; *see also In re Discipline of Reade*, 133 Nev., Adv. Op. 87 (2017) (four-year suspension for attorney's complicity in a sham currency-trading scheme which allowed his client to defraud third parties of approximately $16 million); *In re Discipline of Whittemore*, Docket No. 66350 (Order of Suspension, Mar. 20, 2015) (four-year suspension arising from attorney's conviction on three felony counts); *In re Discipline of Gage*, Docket Nos. 58640 & 64988 (Order Approving Conditional Guilty Plea Agreement, May 28, 2014) (four-year suspension

---

[2]While Standard 4.12 provides that suspension is appropriate "when a lawyer knows or should know he is dealing improperly with client property and causes injury or potential injury to a client," *Standards*, Standard 4.12, we find Standard 4.12 applicable to Kirk-Hughes' misuse of J.K.'s funds as RPC 1.15 applies to both third-parties and clients.

for committing criminal acts reflecting adversely on the lawyer's fitness for practice, amongst other violations).[3]

Finally, we consider the panel's recommendation that Kirk-Hughes pay the costs including staff salaries associated with the disciplinary proceedings. The State Bar did not file its original or amended memoranda of costs in time for Kirk-Hughes to have a fair opportunity to contest the reasonableness of those costs before the hearing panel. *See* SCR 120(1) (2007) (allowing an attorney to be assessed costs that the panel deems reasonable and allocable to the proceeding). And, because we do not make findings of fact in the first instance, *see Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012), we remand to the hearing panel so that it can hear and make a recommendation regarding Kirk-Hughes' challenges to the costs and staff salaries sought by the State Bar.

Accordingly, we suspend attorney Geraldine Kirk-Hughes from the practice of law in Nevada for a period of four years commencing from the date of this order. Kirk-Hughes shall comply with SCR 115. Under SCR 115(7), Kirk-Hughes has 15 days within which to wrap up or complete

---

[3]While we recognize that Kirk-Hughes has not been convicted of any crime, her actions in misappropriating client and third-party funds that were entrusted to her are egregious.

complete matters she is handling for existing clients. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[4]

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____

[4]We deny the motion filed on November 14, 2017, and direct the clerk of this court to detach and return, unfiled, the "Notice of Supplemental Authorities to Oral Argument" received on the same date.

cc: Chair, Southern Nevada Disciplinary Board
Kirk-Hughes & Associates
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A