# IN THE SUPREME COURT OF THE STATE OF NEVADA

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS
AND PROFESSIONAL, CLERICAL,
PUBLIC AND MISCELLANEOUS
EMPLOYEES, LOCAL UNION 533 OF
DONNER AND THE TAHOE BASIN,
RENO NORTHERN NEVADA,
AFFILIATED WITH THE I.B.T. AND
AFL-CIO,
Appellant,
vs.
CITY OF FALLON, A MUNICIPAL
CORPORATION OF THE STATE OF
NEVADA,
Respondent.

No. 70861

FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a declaratory relief action. Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge.

Appellant, the International Brotherhood of Teamsters, Local Union 533 (the Teamsters), entered into an agreement with the City of Fallon (the City) in July 2013. The Agreement covered, among other things, the City's managerial rights and procedures governing disciplinary actions against employees. The City's managerial rights, as set forth in Article 4 of the Agreement, included the "right and [entitlement] without negotiation to . . . discharge . . . any employee with just cause and pursuant to the City ordinances and Nevada Revised Statutes." The Agreement does not provide any further definition of just cause. The Fallon Municipal Code, however,

17-44326

provides a definition of cause, and further states that employees are entitled to appeals to both the mayor and city council in order to determine the existence of cause. Fallon Municipal Code § 2.36.310(B), (D)(1)(d), (D)(4).

The Agreement, in Article 10, further states that employees and the Teamsters have a right to submit all grievances with the City to arbitration for resolution. Article 10(a) defines a grievance as "a claim relating to the interpretation or application of this Agreement and those portions of the City of Fallon Municipal Code which are applicable and that are subjects of mandatory bargaining."

In June 2014, the City terminated an employee working as a meter reader, citing failure to perform job functions, neglect of duties, and dishonesty. The Teamsters subsequently filed a grievance on behalf of the employee, and demanded reinstatement of the employee and compensation for lost wages. The City responded that, as a dismissal for just cause, the matter did not involve the application of any language of the agreement or any matter subject to mandatory bargaining. The Teamsters disagreed, arguing that the dismissal falls under the Agreement's definition of a grievance.

The City filed suit for declaratory relief, seeking a determination that the discharge was not a grievance as defined in the Agreement. It subsequently filed a motion for summary judgment, which the Teamsters opposed. The Teamsters then filed a cross-motion for summary judgment. The district court granted the City's motion for summary judgment and denied the Teamsters' motion.

On appeal, the Teamsters argue that the district court erred in finding the Agreement did not intend to include termination for just cause as a grievance. We conclude that the Agreement reserved for the City the

right to terminate employees for just cause, and subjects that determination to the appeals process provided for in § 2.36.310 of the Fallon Municipal Code.

## DISCUSSION

### Standard of review

This court reviews orders granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper where the pleadings and evidence presented pose "no genuine issue of material fact . . . and the moving party is entitled to a judgment as a matter of law." *Mardian v. Greenberg Family Tr.*, 131 Nev., Adv. Op. 72, 359 P.3d 109, 111 (2015). When there is a question of whether a particular grievance is subject to an arbitration clause, this court will submit it to arbitration unless it has positive assurance that the grievance is not subject to the arbitration clause. *Int'l Ass'n of Firefighters, Local #1285 v. City of Las Vegas*, 104 Nev. 615, 620, 764 P.2d 478, 481 (1988).

### The Agreement provided that termination is not treated as a grievance

This court construes contracts according to their written language and enforces them according to their plain meaning. *State ex rel. Masto v. Second Judicial Dist. Court*, 125 Nev. 37, 44, 199 P.3d 828, 832 (2009); *Ellison v. Cal. State Auto. Ass'n*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990). Contracts are presumed to reference existing statutes and effectively incorporate the statutes when referenced in the contract. *Gilman v. Gilman*, 114 Nev. 416, 426, 956 P.2d 761, 767 (1998).

While this court construes contracts in a manner that does not negate any of its terms, *Phillips v. Mercer*, 94 Nev. 279, 282, 579 P.2d 174, 176 (1978), we see no apparent contradiction between the Agreement's

reservation of certain rights to the City and its broad definition of grievances that will be submitted to arbitration. Rather, termination is an express exemption from the arbitrable grievances, as the Agreement states that the right to discharge employees, without negotiation, requires just cause pursuant to the City's ordinances. To hold otherwise would strip the City of its plainly enumerated managerial rights and make the numerous references to both the Fallon Municipal Code and just cause unintelligible.

This court's stated preference for arbitrability where it is in doubt is not without limitations. The underlying agreement itself must leave some question as to the subject matters that will be submitted to arbitration. *City of Reno v. Int'l Ass'n of Firefighters, Local #731*, 130 Nev., Adv. Op. 100, 340 P.3d 589, 593 (2014). While this case is distinguishable from *Firefighters, Local #731* because the CBA in that case only addressed interpretation of terms within the CBA and not city ordinances, *id.*, the same analysis of arbitrability is applicable due to Article 4's exceptions.

The jurisdiction of the arbitrator will always be granted and limited by the terms of an agreement itself. Despite Article 10 including interpretations of the Fallon Municipal Code in its definition of grievances, Article 4 grants the City the managerial right to discharge employees for just cause, without negotiation, and pursuant to the City's ordinances. The Fallon Municipal Code provides both a definition for cause and a procedure by which that determination can be appealed. Ignoring the Agreement's explicit language reserving these managerial rights to the City and intent that disputes over discharge be resolved according to the procedures and jurisdiction of the City's ordinances would render these terms meaningless.

In finding that the discharge of employees does not fall under the arbitration procedures provided for in the Agreement, the terms of

Article 10 can still be given effect as to claims that would otherwise fall under it. As such, our principle of giving effect to every term of an agreement dictates this interpretation.

We conclude that the district court correctly granted summary judgment for the City because there existed no genuine dispute of material fact and judgment could be rendered as a matter of law according to the plain language of the Agreement. Accordingly, we

ORDER the decision of the district court AFFIRMED

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Thomas L. Stockard, District Judge
     Madelyn Shipman, Settlement Judge
     Michael E. Langton
     Maupin, Cox & LeGoy
     Churchill County Clerk