# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC, D/B/A
CHAMPION MORTGAGE COMPANY, A
FOREIGN CORPORATION,
Appellant,
vs.
KAL-MOR-USA, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
CANYON WILLOW OWNERS'
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION,
Respondents.

No. 70007



FILED

JUL 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

This case involves a residential property (the Property) located in a common-interest community in Las Vegas and governed by the Canyon Willow Owners' Association (HOA).[1] After purchasing the Property in 2000,

---

[1]The HOA disputes whether it should be a party to this appeal as the district court dismissed the HOA from the underlying case. However, we note that Nationstar admits in its reply brief that the only claim it had against the HOA was for wrongful foreclosure, but it did not raise this issue in its opening brief. We therefore decline to consider this issue, *see Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978) (holding that issues "raised for the first time in appellant's reply brief, will not be considered on appeal"), nor do we decide whether the HOA is a proper party to this appeal, *see First Nat. Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d

18- 27430

the homeowner later entered into a reverse mortgage secured by a deed of trust on which nonparty Countrywide Bank, FSB, was listed as the beneficiary. Countrywide subsequently assigned the deed of trust to appellant Nationstar Mortgage, LLC.

The homeowner eventually stopped paying the HOA fees, and the HOA recorded a notice of delinquent assessments followed two months later by a notice of default and election to sell. Thereafter, the HOA entered into a purchase and sale agreement with a third party to sell its payment rights on several delinquent assessment accounts, including the Property's account. The terms of the purchase and sale agreement, often referred to as a "factoring agreement," did not transfer the lien to First 100. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 n.1 (9th Cir. 2008) (stating that a factoring agreement is "the sale of accounts receivable of a firm to a factor at a discounted price" (internal quotation marks omitted)). Rather, the lien remained in the possession of the HOA. The Property was then purchased at a foreclosure sale for $2,000. At some point after the foreclosure sale, the Property was sold to respondent Kal-Mor-USA, LLC (Kal-Mor). Kal-Mor filed a quiet title action in the district court and ultimately moved for summary judgment, arguing that the first deed of trust had been extinguished and the HOA foreclosure sale was valid. Nationstar opposed the motion for summary judgment.

---

558, 560 (1981) (stating that where this court's "determination of the first issue is dispositive of this case, we [will] not reach the second issue").

The district court granted summary judgment, finding that Nationstar "failed to present any evidence of fraud or collusion." The district court concluded that under *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), the first deed of trust was extinguished by the HOA foreclosure sale. The district court further concluded that the HOA conclusively established that it complied with the requirements of NRS 116.31166, "that no other triable issues of material fact remain," and Nationstar could not state a claim against the HOA.

Nationstar appeals, arguing that the district court erred in granting summary judgment because the HOA foreclosure sale was invalid for several reasons, including that (1) under *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 286 P.3d 249 (2012), the note and deed of trust were split; (2) the HOA's purchase and sale agreement with a third party satisfied the outstanding assessments and extinguished the HOA's superpriority lien prior to the foreclosure sale, and (3) the HOA foreclosure sale was commercially unreasonable and the sale price was "palpably inadequate."[2] We disagree.

"This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court."

---

[2]Nationstar additionally argues for the first time on appeal that the HOA foreclosure sale was invalid because the purchase and sale agreement violated NRS 116.3102(1)(p) (providing that that an HOA "[m]ay assign its right to future income, including the right to receive assessments for common expenses, but only to the extent the declaration expressly so provides"). We decline to consider this issue as Nationstar raises it for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

 

*Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate and shall be rendered forthwith when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law. *Id.* (alteration in original) (internal quotation marks omitted). Additionally, "when reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.*

We conclude that the district court did not err in granting summary judgment. First, we recently considered and rejected Nationstar's *Edelstein* argument in *West Sunset 2050 Trust v. Nationstar Mortgage, LLC*, 134 Nev., Adv. Op. 47, ___ P.3d ___ (2018) (concluding that an HOA's sale of the payment rights to delinquent assessments to a third party had not impacted the HOA's ability to foreclose on the property). Our holding in *West Sunset* applies equally here. Second, we conclude that the HOA's purchase and sale agreement with a third party did not extinguish the HOA's superpriority lien because that agreement did not transfer the superpriority lien from the HOA to the third party. Rather, the HOA retained the lien, and therefore, the authority to foreclose.

Finally, we disagree with Nationstar's argument that, pursuant to the Uniform Commercial Code, the HOA foreclosure sale was commercially unreasonable and that the sale price was "palpably inadequate." We have expressly rejected the argument that the Uniform Commercial Code's (UCC), commercial reasonableness standard applied to HOA foreclosure sales. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 645 (2017) (explaining that "HOA foreclosure sales of real property are ill suited

for evaluation under Article 9's commercial reasonableness standard"). Moreover, the "mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. Here, not only does Nationstar apply the incorrect UCC standard, but it also fails to point to any evidence demonstrating fraud, unfairness, or oppression.[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

Douglas, C.J.

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

---

[3]Although Nationstar characterizes the HOA's purchase and sale agreement with a third party as a "secret" agreement, it does not demonstrate how its confidential nature constituted fraud, unfairness, or oppression. Further, Nationstar points out that the HOA's purchase and sale agreement contained a fixed opening credit bid. However, we note that the purchase price was higher than that fixed price, which demonstrates that First 100 had to out-bid others to purchase the property. Nationstar also references the fact that First 100 specifically chose the agent who recorded the notice of sale, but it fails to explain how that choice resulted in fraud, oppression, or unfairness. Finally, Nationstar fails to explain how any of these aspects of the HOA foreclosure sale constituted fraud, unfairness, or oppression.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Crockett, District Judge
Janet Trost, Settlement Judge
Akerman LLP/Las Vegas
Law Offices of Frank W. Mitchell
Law Offices of Raffi A. Nahabedian
Leach Johnson Song & Gruchow
Eighth District Court Clerk